## ORR et al. v. WOLFF et al.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

1. MECHANIC'S LIEN—DEFICIENCY JUDGMENT—PERSONS LIABLE—EVIDENCE.

The lien law (section 3) gives to material-men a lien for materials furnished, and section 23 authorizes the enforcement of liens against specified property, and against any person liable for the debt. Code Civ. Proc. § 3416, authorizes a deficiency judgment against any person liable for the lien debt. Two married women became copartners for the purchase and improvement of real estate. They purchased land, the legal title being taken in the name of a third person. The latter appointed the husband of one of the partners his agent. The husband was also his wife's agent. The copartners agreed that their husbands should render services gratuitously. The agent had the active management in constructing buildings, purchasing materials, etc. The contracts were made in the name of the legal owner. *Held*, that the copartners and legal owner were personally and jointly liable for any deficiency for materials arising on the foreclosure of the liens, though the copartners and the legal owner were not technically partners; the copartners being liable as the materials were furnished for their benefit, and the legal owner being liable for having held himself out as the owner, and having through his agent contracted with the lien claimants.

2. SAME—JUDGMENT IMPROPERLY ENTERED—REVERSAL ON APPEAL.

Where a lien claimant in a suit against three defendants stated that he had no claim against two of them, and the counsel for the third admitted.the validity of the claim as against his client, a deficiency judgment against all three, though binding as against the two unless appealed from, will be reversed on the appeal of one as to the appellant.

Appeal from special term, New York county.

Action by John C. Orr and others against Philip E. Wolff, Johanna Baumann, and others. From a judgment for plaintiffs, defendants Wolff and Baumann appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Percival S. Menken, for appellants.

Theodore S. Rumney, Jr., for respondent Yellow Pine Co.

Alfred B. Cruikshank, for other respondents.

HATCH, J. This action was brought to foreclose a mechanic's lien on the premises known as 209–213 East Fifty-Third street, in the city of New York. The complaint avers that the defendants Johanna Baumann and Fannie Schiller were jointly interested with the defendant Philip E. Wolff in the purchase and improvement of the property, and in the purchasing of materials for which liens have been filed; that the defendants Baumann and Schiller were copartners in these transactions with Wolff; and that he acted as agent and trustee for them, as well as acting for himself; and that the defendants Baumann and Schiller claim to be equity owners or part owners of the property. There is ample evidence to support the allegations of the complaint and the findings of the trial judge.

Except as to the Yellow Pine Lumber Company, the existence of the several liens for the respective amounts claimed to be due for the materials furnished is not disputed, and no claim is made of any infirmity in the judgment establishing the same, except in two particulars. As to the lien of the Yellow Pine Lumber Company, there was a dispute as to the furnishing of some of the material, and also as to the price to be paid therefor. It is sufficient to say in respect thereto that the claims of the respective parties presented a disputed question of fact, and that the evidence was sufficient to permit the court to find, as it did, that the whole material was furnished, and amounted to the sum stated in the lien. The serious contention upon the part of the appellants has reference to the relation that existed between themselves and the defendant Schiller. Counsel for the appellants states in his brief, "The only question in this case is, was Philip E. Wolff a partner with Johanna Baumann and Fannie Schiller?" With this statement of the question he proceeds to argue upon the evidence and the law that no such relation existed between the parties, and therefore no basis was shown upon which a deficiency judgment could be founded against the appealing defendants.

A brief review of the undisputed facts, we think, will show the futility of this claim. It appeared that on or about May 1, 1899, the two defendants, Johanna Baumann and Fannie Schiller, each being a married woman, entered into a written agreement to become copartners

for the purpose of purchasing the premises in question, to sell the same, or to erect buildings thereon. The agreement further provided that title to the premises might be taken in the name of the parties thereto or either of them, or in the name of a third party, who was to hold the title thereto for the benefit of the copartners. It was further agreed that the services of the husbands of the parties thereto should be furnished gratuitously for the improvement of the property. Thereafter, and on May 4th, Mrs. Baumann, by written instrument, appointed her husband as her attorney in fact to transact all real estate business for her. After the making and execution of the agreement of copartnership, and the execution of the power of attorney, the copartners purchased the real estate in question, paying therefor as part of the purchase price $1,500, each contributing an equal amount. On June 12, 1899, title to the premises was procured to be taken in the name of the defendant Wolff by Baumann, the husband, who held his wife's power of attorney. It was claimed by Wolff that he contributed as a part of the purchase price the sum of $1,000. It is immaterial to any question arising in this case whether he did or not. A purchase-money mortgage was given upon the property for the remainder of the purchase price. On June 19th, three days after Wolff had taken title, he gave to the husband of Mrs. Baumann full power of attorney to act for him in all matters pertaining to the building and property, and Baumann thereafter had the active management of ordering materials and erecting the buildings which were subsequently constructed upon the property, acting under his powers of attorney. Through his agency, a building loan of $30,000 was procured from the defendant Levi, and thereafter Baumann entered into all contracts which were made respecting the buildings, without farther consultation with Wolff, the latter only having a general knowledge of what was being done. All of the lienors made their contracts for furnishing material with Baumann in the name of the defendant Wolff, and the copartners, Baumann and Schiller, were not known to the lienors as having any interest whatever in the premises, and were only discovered as being interested therein after all of the materials had been furnished.

Upon this state of facts, it is perfectly clear that the defendant Wolff became personally and jointly liable with Baumann and Schiller for the materials which were furnished in the erection of these buildings, for any deficiency which arose upon the foreclosure of the several liens, and this liability exists, even though a technical partnership relation did not subsist between them. It is clear that Mrs. Baumann and Mrs. Schiller were the equitable owners of the property. They were the purchasers of the property as copartners, and as such would hold and deal with the same. Chester v. Dickerson, 54 N. Y. 1, 13 Am. Rep. 550. Being such copartners, and having authorized the buildings to be constructed, they became personally liable for the materials furnished, upon principles of law too plain to be the subject of debate. Assuming that no partnership relation existed between the defendant Wolff and the copartners Baumann and Schiller, it does not furnish ground for exempting Wolff from liability. He was possessed of the legal title to the property; he authorized his agent, Baumann,

by written power of attorney, to make the contracts which were made with these lienors; and for the fulfillment of the obligations thus incurred he became personally and individually liable to the lienors for the materials so furnished.

By the provisions of section 3 of the lien law, such material men were authorized to have a lien for the price of the materials furnished; and by the provisions of section 23 they were authorized to enforce such lien against the property specified in the notice of lien, and against any person liable for the debt upon which the lien was founded, in accordance with the procedure laid down in the Code of Civil Procedure; and by section 3416 of the Code it is provided that if, upon a sale of the property, sufficient is not realized to discharge the lien, judgment may be docketed for the deficiency against any person liable therefor who shall be adjudged to pay the same. By virtue of these provisions, it is not at all necessary, in order to charge a party with personal liability, that he should be a copartner with other persons also liable for the same debt. All that is required is that by the contract under which the debt is created personal liability attaches. In the present case it attached to Mrs. Baumann and Mrs. Schiller, for the reason that they were copartners in the purchase of the property, that such purchase was made for their benefit, and in the erection of the buildings thereon Baumann acted as their agent. Consequently, liability attached immediately upon the furnishing of the materials, and it only remained for the discovery of their relation to the property to enable the lienor to charge them with personal liability.

Wolff's liability is based upon the fact that he had the legal title to the property, held himself out as owner of it, contracted with the lienors through his agent to furnish the material, and thereby pledged his personal liability in payment. The court in its decision has adopted this view in charging liability upon the appealing defendants, and we think the judgment proceeding from such decision is based upon sound legal principles, and should be upheld.

In one respect, however, the judgment in favor of the Alberene Stone Company must be modified as to the defendant Baumann. When this claim was offered, it was stated that no claim in favor of the company was made against the defendants Schiller or Baumann. Counsel for the defendant Wolff stated that he was instructed to admit the claim as to the defendant Wolff. The judgment, however, awards to the stone company a personal recovery against the defendants Johanna Baumann and Fannie Schiller. There was no basis for this. The defendant Schiller, not having appealed from the judgment, is bound thereby, and we have no power to modify it as to her.

It follows that as to the defendant Johanna Baumann the personal judgment awarded against her in favor of the Alberene Stone Company should be reversed. In all other respects the judgment should be affirmed, with costs to the respondents. All concur.