BYRNES v. HOLSCHER et al.

(Supreme Court, Appellate Term. November 29, 1905.)

1. APPEAL—PARTY NOT APPEALING.

Where a judgment is rendered against two parties, and only one of them prosecutes an appeal therefrom, the judgment must stand as to the party who does not appeal.

[Ed. Note.—For cases in point, see vol. 3, Cent. Dig. Appeal and Error, §§ 4415, 4416.]

2. LIVERY STABLE KEEPERS—DESTRUCTION OF PROPERTY—LIABILITY.

Where plaintiff leased his sleigh, and the servant of the lessee left it at a livery stable, and the keepers let out the sleigh to some one who destroyed it, the livery stable keepers were liable for the loss.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Livery Stable Keepers, § 6.]

3. APPEAL.

A party cannot maintain an appeal from a judgment against his co-defendants, but not against himself.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Thomas J. Byrnes against Charles Holscher, Patrick McDonald, and Harry G. Woodfield. From a judgment in favor of plaintiff against Holscher and McDonald, McDonald and Woodfield appeal. Affirmed as to McDonald, and dismissed as to Woodfield.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

George B. Hayes, for appellants.

Herman M. Solomon, for respondent Holscher.

S. J. Henderson, for respondent Byrnes.

PER CURIAM. Plaintiff leased his sleigh to defendant Holscher. The servant of the latter left the horse and sleigh in the stable of defendants McDonald & Woodfield, who are copartners carrying on the livery stable business. The latter let out the sleigh to some one who destroyed it. Plaintiff demanded his sleigh of all the defendants. McDonald & Woodfield promised to have it repaired and return it to him, but failed to keep such promise.

Judgment was given, according to the record which must control here, in favor of the plaintiff against the defendants Holscher and McDonald. No judgment is given against Woodfield. Holscher does not appeal, so as to him the judgment must stand. Woodfield, however, as well as McDonald, does appeal. Why Woodfield should appeal from a judgment not against himself does not appear. Nor can we see any reason why the court should have given judgment against McDonald, but not against his partner, Woodfield, who is equally liable. These are mysteries that can only be guessed at. The judgment as against McDonald is certainly right, and, as we have seen, Holscher does not appeal from the judgment against himself.

The judgment, therefore, as to both of these defendants is affirmed, with costs against McDonald only, as Holscher does not join in the appeal. As to Woodfield, his appeal from a judgment against the other defendants, but not against himself, must be dismissed, with $10 costs and disbursements.