CHARLES H. KOHLMETZ, Doing Business under the Assumed Name and Style of CHARLES E. KOHLMETZ IRON WORKS, Respondent, v. JOSEPH AMDOURSKY, Appellant, Impleaded with Others, Defendants.

Per Curiam. No amount was unpaid on defendant Kelly's contract when the notice of lien was filed; nor was anything subsequently earned on that contract, which was fully abandoned and terminated by the general release on October 31, 1927, and before the new contract was entered into between defendants Amdoursky and Rochester Cinder Block Corporation. (Lien Law, § 4;* *Hermann & Grace v. Hillman*, 203 N. Y. 435.) Even if that be material, plaintiff has not sustained the burden resting upon him to show that the total cost to the owner, including cost of completion, did not equal the original contract price. (*Van Clief v. Van Vechten*, 130 N. Y. 571; *Brainard v. County of Kings*, 155 id. 538; *Beardsley v. Cook*, 143 id. 143.) That the complaint was improperly dismissed as to defendants Kelly and Rochester Cinder Block Corporation is a question not before us, since the plaintiff has not appealed. The judgment, both as to the lien granted and the personal judgment against defendant Amdoursky, should be reversed on the law and facts and the complaint dismissed, with costs to the appellant Amdoursky against the plaintiff, respondent. All concur, except Crouch, J., not voting. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ. Judgment reversed on the law and facts as to the defendant Joseph Amdoursky and complaint dismissed, as to said defendant, on the merits, with costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.

*Amd. by Laws of 1916, chap. 507. Since amd. by Laws of 1929, chap. 515.—[REP.