SAMUEL BONAT and Another, Appellants, *v.* MARION J. CROSSWELL, Respondent, Impleaded with ADOLPH J. MAYNIER and Another, Defendants.

First Department, May 18, 1934.

*Abraham H. Sarasohn*, for the appellants.

No appearance for the respondent.

MERRELL, J.  The action was to establish a lien by the plaintiffs upon certain chattels, and directing a sale thereof to satisfy such lien, and for a deficiency judgment.  The judgment of the Municipal Court adjudged that the plaintiffs have a lien upon said chattels, and judgment for the foreclosure thereof, in the amount of $266.04, and that the defendants are liable therefor, and for the costs of the action.  The defendant Marion J. Crosswell appealed to the Appellate Term of the Supreme Court, First Judicial Department, from the judgment of the Municipal Court establishing such lien and for the foreclosure thereof.  The Appellate Term reversed the judgment of the Municipal Court, holding, in a *per curiam* opinion, that the plaintiffs had failed to establish any default on the part of the defendants, and ordering a new trial in Municipal Court. The appellants moved for a reargument in the Appellate Term and for leave to appeal to the Appellate Division.  This motion was denied by the Appellate Term, and thereafter leave was granted by this court to the plaintiffs to appeal to this court from the determination of the Appellate Term.

The only defendant appealing to the Appellate Term from the Municipal Court judgment was the defendant Marion J. Cross-

well. No appeal was taken by the other two defendants and neither of the said last-mentioned defendants filed a notice of appearance in the Appellate Term or appeared on said appeal or took any part therein. We think the Appellate Term erred in reversing the judgment as to all of the defendants, and that such reversal should have been limited to the appeal taken by the defendant Crosswell. In reversing the judgment *in toto* upon the appeal of the defendant Crosswell, the Appellate Term did not restrict its reversal of the Municipal Court judgment to the appealing defendant. A party who does not appeal from a judgment is deemed to acquiesce therein. We do not think it was within the power of the Appellate Term to disturb the judgment in so far as it applied to the non-appealing defendants. (*Orr* v. *Wolff*, 71 App. Div. 614; *San Lucas* v. *Bornn & Co.*, 173 id. 703.) In *Orr* v. *Wolff* (*supra*) judgment was recovered in an action for the foreclosure of a lien and for a deficiency. This court, in reversing the judgment upon the appeal of one of the defendants, said: " The defendant Schiller, not having appealed from the judgment, is bound thereby, and we have no power to modify it as to her." In the case of *San Lucas* v. *Bornn & Co.* (*supra*) this court, in an opinion by Mr. Justice McLAUGHLIN, reversed a judgment rendered against several defendants on the appeal of one of the defendants. Justice McLAUGHLIN stated, in the course of his opinion: " If this conclusion be correct, then it follows that the complaint should also have been dismissed as to all the defendants. But as only Carlos A. Bornn has appealed, the judgment is modified by dismissing the complaint as to him." In *Byrnes* v. *Holscher* (96 N. Y. Supp. 89) the Appellate Term, First Department, said: " Judgment was given, according to the record which must control here, in favor of the plaintiff against the defendants Holscher and McDonald. No judgment is given against Woodfield. Holscher does not appeal, so as to him the judgment must stand."

The determination appealed from should be modified by limiting the reversal of the judgment of the Municipal Court and the ordering of a new trial to so much of the judgment as affects the defendant Marion J. Crosswell, and as so modified affirmed, with costs of this appeal to the appellants against the said defendant, respondent.

FINCH, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Determination appealed from modified by limiting the reversal of the judgment of the Municipal Court and the ordering of a new trial to so much of the judgment as affects the defendant Marion J. Crosswell, and as so modified affirmed, with costs of this appeal to the appellants against the respondent.