OPINION OF THE COURT
Chief Judge Cooke.
This appeal presents a question respecting the limits of an appellate court’s scope of review of a judgment rendered against multiple parties but appealed by only one. Generally, an appellate court cannot grant affirmative relief to a nonappealing party unless it is necessary to do so in order to accord full relief to a party who has appealed. Thus, it was error here for the Appellate Division to dismiss the action against a joint tort-feasor found liable at trial, but who took no appeal from the judgment.
Plaintiff commenced this negligence action against the City of New York and the Square Depew Garage Corporation for injuries sustained when she fell on a sidewalk located outside a garage operated by defendant corporation. After a jury trial, both defendants were found to be *61 equally liable. Only the City of New York appealed the judgment.
The Appellate Division reversed on the law and dismissed the complaint, holding that there was no actionable defect in the sidewalk. The court added, however, that “[although only the city prosecuted an appeal, the whole of the judgment is before us * * * and our disposition necessarily effects a dismissal as to the garage defendant as well.” This court now modifies the order of the Appellate Division by reinstating the judgment against Square Depew Garage Corporation.
The gravamen of plaintiff’s complaint was that defendants failed to maintain the sidewalk in a condition reasonably safe for pedestrians, which failure proximately caused plaintiff’s injuries. Plaintiff’s proof established that there was a slight gap between two flagstones of the sidewalk. The gap may only be described as trivial. Consequently, it was not error for the Appellate Division to have found no actionable defect in the sidewalk and to have dismissed the complaint against the City of New York.
The other defendant, Square Depew Garage Corporation, however, took no appeal from the judgment. The Appellate Division, therefore, was without power to vacate the judgment against that defendant.
The power of an appellate court to review a judgment is subject to an appeal being timely taken (see CPLR 5513, 5515; see, also, Matter of Haverstraw Park v Runcible Props. Corp., 33 NY2d 637; Ocean Acc. & Guar. Corp. v Otis Elevator Co., 291 NY 254; Roy v National Grange Mut. Ins. Co., 85 AD2d 832, 832-833). And an appellate court’s scope of review with respect to an appellant, once an appeal has been timely taken, is generally limited to those parts of the judgment that have been appealed and that aggrieve the appealing party (see CPLR 5501, subd [a]; 5511; see, also, Segar v Youngs, 45 NY2d 568; Stark v National City Bank, 278 NY 388, 394; St. John v Andrews Inst. for Girls, 192 NY 382, 386-389; Kennis v Sherwood, 82 AD2d 847, 848; Finder v Gromet, 10 AD2d 977, 978; Frankel v Berman, 10 AD2d 838; Strecker v Kew Gardens Realty Assoc., 230 App Div 714; cf. Matter of Burk, 298 NY 450, 455). The corollary to this rule is that an appellate court’s reversal or *62 modification of a judgment as to an appealing party will not inure to the benefit of a nonappealing coparty (see St. John v Andrews Inst. for Girls, 192 NY 382, 386-389, supra; Bonat v Crosswell, 241 App Div 230; Kohlmetz v Amdoursky, 227 App Div 758; San Lucas v Bornn & Co., 173 App Div 703; Orr v Wolff, 71 App Div 614) unless the judgment was rendered against parties having a united and inseverable interest in the judgment’s subject matter, which itself permits no inconsistent application among the parties (see Matter of Winburn, 270 NY 196, 198; United States Print. & Lithograph Co. v Powers, 233 NY 143,152-155).
It is, of course, axiomatic that, once an appeal is properly before it, a court may fashion complete relief to the appealing party. On rare occasions, the grant of full relief to the appealing party may necessarily entail granting relief to a nonappealing party (cf. United States Print. & Lithograph Co. v Powers, 233 NY 143, supra). At this time, there is no need to detail or enumerate the specific circumstances when such a judgment or order might be appropriate.
Having set forth the rule in general, the court turns to its application here. The appeal by the City of New York to the Appellate Division brought up for its review, with respect to the defendants, only so much of the judgment as imposed liability against the city. As full relief to the city can be achieved without granting relief to Square Depew, it was error to dismiss the complaint as to Square Depew unless the city’s interest could be said to be inseparable from that of Square Depew.
When multiple tort-feasors are found to be liable for damages, they may not be said to have an inseverable interest in the judgment, even though the factual basis for each party’s liability is identical. Liability is said to be “joint and several”, meaning that each party is individually liable to plaintiff for the whole of the damage (see Restatement, Torts 2d, § 875, and Comment [6]). A plaintiff may proceed against any or all defendants (see Siskind v Levy, 13 AD2d 538; Kapossky v Berry, 212 App Div 833). Moreover, a judgment for or against one tort-feasor does not operate as a merger or bar of a claim against other tortfeasors (see Restatement, Judgments 2d, § 49, and Com *63 ment [a]). Thus, Square Depew’s interest was severable from that of its codefendant. Inasmuch as the judgment here was appealed only by the city, the Appellate Division’s reversal was effective only as to that party.
Square Depew argues that the Appellate Division is vested with discretionary power to grant relief to a nonappealing party in the interest of justice, and that the Appellate Division has exercised that discretion in this case. In so arguing, Square Depew relies on CPLR 5522, which provides, in pertinent part, that “[a] court to which an appeal is taken may reverse, affirm, or modify, wholly or in part, any judgment or order before it, as to any party.” It has been proposed that the clause “as to any party” vests the Appellate Division with discretionary power to grant relief to a nonappealing party who appears before the court as a respondent. The Appellate Division in the past has claimed this power and applied it on a number of occasions (see, e.g., Halftown v Triple D Leasing Corp., 89 AD2d 794; Monahan v Fiore, 76 AD2d 884; Foley v Roche, 68 AD2d 558; Statella v Chuckrow Constr. Co., 28 AD2d 669; Rome Cable Corp. v Tanney, 21 AD2d 342). This court now holds that neither CPLR 5522 nor any other statutory or constitutional authority permits an appellate court to exercise any general discretionary power to grant relief to a nonappealing party/ *
The common-law concept of a judgment rendered against multiple parties was that, if an error found on appeal required reversal as to one party, the judgment must be reversed as to all (see Harman v Brotherson, 1 Denio 537; Sheldon v Quinlen, 5 Hill 441; Cruikshank v Gardner, 2 Hill 333). This result obtained even when theories of liability against the defendants differed or when there was error as to only one of the parties (see Sheldon v Quinlen, 5 Hill 441, 442-443, supra). The rule was derived from the principle “that there can be only one final judgment in an action at law” (Draper v Interborough R. T. Co., 124 App Div 357, 359).
*64 With the advent of statutory provisions permitting appellate courts to reverse, affirm, or modify a judgment, in whole or in part, with respect to any of the parties (see Code of Pro [Field Code], § 330; Code Civ Pro, § 1317; Civ Prac Act, § 584), the common-law rule was effectively abrogated (see Campbell v Perkins, 8 NY 430; Van Slyck v Snell, 6 Lans 299; Geraud v Stagg, 10 How Prac 369). Judgments are no longer necessarily viewed as indivisible entireties, reversal of which as to one of the parties necessarily effecting a reversal as to all parties against whom the judgment was rendered (compare Sheldon v Quinlen, 5 Hill 441, supra, with Goodsell v Western Union Tel. Co., 109 NY 147). Rather, when multiple parties bring or defend an action or proceeding, and an appeal is taken from an adverse determination below, the appellate court can fashion relief to the various parties within the confines of the governing substantive law. That is the import of CPLR 5522. Moreover, nothing in the legislative history of this provision, its statutory antecedents, or its constitutional counterpart (see NY Const, art VI, § 5), nor any construction of these provisions by this court indicate that the “as to any party” language vests appellate courts with discretionary power to grant relief to a nonappealing party. The provisions were not meant to expand either the jurisdiction or the scope of review of an appellate court, but were merely intended to enumerate the forms of dispositions an appellate court may order. CPLR 5522, therefore, should be read in harmony with the statutory scheme which limits an appellate court’s authority to the grant of relief to those who have appealed, except as discussed above.
Accordingly, the order of the Appellate Division should be modified, with costs to appellant, by reinstating the judgment in favor of plaintiff against Square Depew Garage Corporation and, as so modified, affirmed.
Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
Order modified, with costs to appellant, in accordance with the opinion herein and, as so modified, affirmed.

 To be distinguished is CPLR 5501 (subd [a], par 5), applicable when a trial court has granted additur or remittitur relief with respect to an excessive or insufficient verdict. When the beneficiary of that order appeals, the appellate court may, under this provision, grant affirmative relief to the nonappealing party by reinstating the verdict (see 7 Weinstein-Korn-Miller, NY Civ Prac, par 5501.13).