(September 10, 1984)

■ HUGO SABATINI et al., Appellants, v GENERAL ELECTRIC COMPANY, Respondent. (Action No. 1.) HUGO SABATINI et al., Appellants, v BURNS & ROE, INC., Respondent. (Action No. 2.) HUGO SABATINI. et al., Appellants, v RIGGS DISTLER & CO., Respondent. (Action No. 3.) — Motion by respondent Riggs Distler & Co. for reargument of an appeal from a judgment of the Supreme Court, Richmond County (Goldberg, J.), entered September 4, 1980, to the extent that this court's opinion and order, both dated October 24, 1983, vacated the fifth decretal paragraph of the judgment and reinstated the cross claim of General Electric Company against it (*Sabatini v General Elec. Co.*, 96 AD2d 5).

Motion granted, and the opinion of this court, dated October 24, 1983, is amended by deleting the provision which vacated the fifth decretal paragraph of the judgment and reinstated and severed General Electric Co.'s cross claim against Riggs Distler & Co., and substituting therefor a provision affirming the fifth decretal paragraph of the judgment. The order of this court, also dated October 24, 1983, is amended accordingly.

At the close of the plaintiffs' case, the trial court dismissed the complaint against General Electric's subcontractor, Riggs Distler & Co., as well as General Electric's cross claim against Riggs Distler & Co. This court held that the dismissal of the complaint against Riggs Distler & Co. was proper because plaintiffs presented no proof that Riggs Distler & Co.'s personnel or the laborers provided by it were involved with the alleged negligent condition (*Sabatini v General Elec. Co., supra*, p 16). This court reinstated General Electric's cross claim against Riggs Distler "because at the new trial evidence may be presented that Riggs is liable to GE by reason of indemnification or otherwise" (*Sabatini v General Elec. Co., supra*, p 16).

It is called to our attention on this motion that the contract between General Electric and Riggs Distler & Co. provided for indemnification by the latter only where the injury was caused in whole or in part by its own acts or omissions. Further, at the close of plaintiffs' case, when General Electric's counsel excepted to the dismissal of General Electric's cross claim, the court inquired whether General Electric had further evidence to offer

as to the cross claim, and General Electric's counsel responded "I have no further evidence beyond what is contained in the contract itself, and anything else that is in evidence". We particularly note that although the moving papers on this motion set forth an implicit challenge to General Electric to state the basis for any viable claim for "indemnification or otherwise", General Electric's responding papers make no attempt to state any factual basis upon which it could possibly recover against Riggs Distler & Co. on its cross claim. Therefore, the trial court's dismissal of the cross claim should be affirmed.

Under the circumstances, any issue relating to General Electric's failure to appeal from the judgment insofar as it dismissed its cross claim against Riggs Distler & Co. is academic (cf. *Hecht v City of New York*, 60 NY2d 57; *Cover v Cohen*, 61 NY2d 261). Bracken, J. P., Niehoff, Rubin and Boyers, JJ., concur.