■ NORGATE AT ROSLYN ASSOCIATION, INC., et al., Respondents, v INCORPORATED VILLAGE OF EAST HILLS, Appellant. — In an action for a declaratory judgment, defendant Incorporated Village of East Hills (village) appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Berman, J.), entered December 19, 1983, as denied its motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 7) for failure to state a cause of action. This appeal brings up for review so much of a subsequent order of the same court, dated January 30, 1984, as, upon reargument, adhered to the original determination.

Appeal from the order entered December 19, 1983, dismissed, without costs or disbursements. That order was superseded by the order dated January 30, 1984, made upon reargument.

Order dated January 30, 1984 affirmed, insofar as reviewed, without costs or disbursements.

Special Term properly concluded that the enactment of Local Laws Nos. 2 and 3 of 1983 of the village, which changed the leaf collection and disposal procedure within the village, constituted

an "action" within the meaning of ECL 8-0105 (subd 4), thereby requiring the village to comply with the requirements of ECL article 8 and the regulations promulgated thereunder. Thus, the village's motion to dismiss the complaint for failure to state a cause of action was properly denied.

Further, we note that plaintiffs' failure to cross-appeal from the denial of their motion for a preliminary injunction precludes this court from granting such relief on appeal (see *Hecht v City of New York,* 60 NY2d 57, 61-62). Mollen, P. J., Lazer, Gibbons, and Brown, JJ., concur.