In the Matter of JOHANNA C. FISHER, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF HUNTINGTON et al., Appellants.

In this proceeding, petitioner seeks to review a determination of the Zoning Board of Appeals of the Town of Huntington (Zoning Board), rendered May 13, 1982, granting an application by James Longhitano for a width variance to enable him to erect a single-family dwelling on the parcel in question, which is

known as tax lot No. 44. Briefly, by way of background, lot No. 44 and an abutting lot No. 43, which is owned by petitioner, had at one time comprised a single parcel. In 1967, the Huntington Town Planning Board (Planning Board) approved a subdivision of that parcel into two lots pursuant to the requirements of what was known as a "short-cut" subdivision approval procedure.

Subsequently, however, in 1969, the zoning ordinance was amended so as to prohibit these "short-cut" subdivision approval procedures. At the same time, the definition for determining the width of a lot was also changed. As a result, although at the time lot No. 44 was created in 1967 it comported with the width requirements of the zoning ordinance following the amendments, it failed to satisfy the new width requirements. Accordingly, Longhitano, who purchased the parcel in 1982, applied to the Zoning Board for a width variance in order to permit him to erect a single-family dwelling on his lot. Prior to making his application for the variance, Longhitano had obtained a building permit to construct such a dwelling. That permit was withdrawn, however, after petitioner had secured a temporary restraining order in conjunction with an application for a preliminary injunction barring the issuance of a building permit on the ground that the Planning Board's approval of the subdivision in 1967 had been illegal. That application was later denied on the ground that, *inter alia,* petitioner had failed to include a proposed complaint in her application.

On May 13, 1982, the Zoning Board granted Longhitano's application, concluding that since a single-family dwelling could legally have been built upon the parcel at the time of the subdivision, he had a legal right to build such a dwelling today by virtue of its nonconforming status. The Zoning Board noted the pendency of petitioner's application for a preliminary injunction, referred to above, which challenged the validity of the Planning Board's approval of the subdivision in 1967, but stated that for the purposes of its decision it was assuming the legality of the Planning Board's action.

Petitioner commenced this proceeding on or about May 25, 1982 seeking a judgment pursuant to CPLR article 78 determining, *inter alia,* that Longhitano's parcel did not conform to the width requirement under the zoning ordinance in effect in 1967, was never a lawfully buildable plot, and never qualified as a legal nonconforming plot; and further, that the determination of the Zoning Board was arbitrary and capricious.

During the pendency of this proceeding, petitioner commenced an action for a declaratory judgment and injunctive relief, naming as defendants not only the appellants in the

instant proceeding but also the Planning Board and the Director of Planning. In essence, that action sought declarations that the Planning Board's 1967 approval of the subdivision was illegal, that Longhitano's parcel was not a conforming buildable plot under either the present zoning ordinance or the zoning ordinance in effect at the time of the subdivision, and that the May 1982 determination of the Zoning Board was erroneous.

In conjunction with her action, plaintiff moved for a preliminary injunction barring the issuance of a building permit to Longhitano. The defendants in that action opposed the motion for the injunction and separately moved and cross-moved to dismiss the complaint, *inter alia,* on the grounds that it was barred by the Statute of Limitations and there was another action pending (i.e., the instant article 78 proceeding). Thereupon, prior to any determination of the motions, plaintiff moved to consolidate the action for a declaratory judgment and injunctive relief with the instant CPLR article 78 proceeding.

By order entered May 2, 1983, Special Term (Doyle, J.), denied the motion and cross motion to dismiss the complaint, ordered that all proceedings in the action be stayed until final disposition of the article 78 proceeding, and further ordered that in the event that the determination of the article 78 proceeding did not resolve all issues between the parties, the action could be reactivated to the extent practicable.

Thereafter, by judgment dated June 7, 1983, Special Term (Underwood, J.), dismissed the petition in the instant article 78 proceeding "on the merits" and ordered the declaratory judgment action reactivated to the extent possible. In its decision, the court reasoned that the main thrust of petitioner's argument was that the approval of the subdivision by the Planning Board in 1967 by the "short-cut" procedures was illegal and that the proper vehicle for such a dispute, as petitioner recognized, was an action for declaratory and injunctive relief. The court went on to find that even viewed as an article 78 proceeding challenging the 1967 decision of the Planning Board, the proceeding was untimely, and further, that the May 1982 decision of the Zoning Board was not arbitrary and capricious.

Subsequently, following a motion by petitioner to resettle the judgment, Special Term issued a new judgment dated July 12, 1983, which, *inter alia,* dismissed the petition "on the merits as untimely made and the inappropriate remedy", and an amended judgment dated August 29, 1983, which simply dismissed the petition "as untimely made and the inappropriate remedy" and reactivated the action for declaratory and injunctive relief.

The appeal is from so much of this amended judgment as reactivated the action. Appellants argue that Special Term should have dismissed the action for declaratory and injunctive relief as well. No appeal has been taken by petitioner from that portion of the judgment which dismissed her article 78 proceeding.

While it is true, as appellants argue, that this article 78 proceeding and the action for a declaratory judgment and injunctive relief are similar in many respects, the fact remains that they are separate and distinct legal proceedings and must be treated as such. For example, although both matters challenge the 1967 action of the Planning Board, that body was only made a party to the action for a declaratory judgment and injunctive relief. Moreover, since the motion to consolidate was not granted, and the only parties before Justice Underwood were the parties to the article 78 proceeding, the only matter before Justice Underwood was that proceeding. Accordingly, he should not have made any ruling in the separate action for a declaratory judgment and injunctive relief — either to dismiss it or to reactivate it. Therefore, we modify the judgment appealed from by striking that portion which reactivated the action for declaratory and injunctive relief. The determination as to whether that action should be reactivated can only be made upon a proper application to Special Term in that action. Absent a cross appeal by petitioner, this court is without jurisdiction to pass upon the merits of that portion of the judgment which dismissed her petition (*see, Hecht v City of New York,* 60 NY2d 57). Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.