■ JOAQUIM G. CANARIO et al., Respondents, v KING O'ROURKE CADILLAC, INC., et al., Appellants, et al., Defendant. —In an action to recover damages for personal injuries, etc.,

the defendants King O'Rourke Cadillac, Inc., and David Perricone appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Colby, J.), dated February 23, 1990, as set aside a jury verdict on the issue of liability and ordered a new trial of the plaintiffs' complaint insofar as asserted against the appellants.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff Joaquim G. Canario, an employee of the Barlow Equipment Company, was engaged in the repair of a hydraulic lift located on the premises of the defendant King O'Rourke Cadillac, Inc. (hereinafter King O'Rourke) when he was struck and seriously injured by an automobile driven by the defendant David Perricone, a mechanic employed by King O'Rourke. At trial, the appellants attempted to establish that, by failing to erect a barricade around the area where he was repairing the lift, the plaintiff himself had been negligent in contributing to the occurrence of the accident. The sole evidence offered by the defendants King O'Rourke and David Perricone that there was any custom, practice, usage or duty which required the plaintiff to erect a barricade around his work site on the King O'Rourke premises was a vague statement in the course of Perricone's direct testimony to the effect that he had been "in and out of service garages for many years * * * either as a salesman or as a mechanic" and that he had seen barricades surrounding those areas where mechanics were engaged in repairing car lifts. In contrast, the plaintiff testified that he had done repair work in over 100 garages, gasoline stations, or shops during the nine years that he had been involved in that type of business and that he had never seen barricades erected around lift areas while mechanics were repairing the lifts.

The trial court denied the plaintiffs' motion for judgment as a matter of law, but set aside, as contrary to the weight of the evidence, the jury's verdict finding the appellants 40%, and the injured plaintiff 60%, at fault in the happening of the accident.

Apart from the defendant Perricone's own vague testimony, the defense presented no evidence at trial that would support the jury's finding that the plaintiff's failure to erect some sort of barricade adjacent to the work site constituted contributory negligence. Under the circumstances, the jury could not have reached the subject verdict on any fair interpretation of the evidence and it was properly set aside as against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129).

We do not address the issue of whether the trial court should have granted judgment in the plaintiffs' favor, as a matter of law, since relief on an appeal may not be granted to a nonappealing party (see, Hecht v City of New York, 60 NY2d 57). Bracken, J. P., Kunzeman, Kooper and Balletta, JJ., concur.