■ DULO BOJKOVIC et al., Respondents, v JLT ASSOCIATES, INC., et al., Defendants. SHIE JIE DEVELOPMENT CO., INC., Third-Party Plaintiff, v SANTIR PAINTING, Third-Party Defendant-Appellant. [717 NYS2d 171] —Order, Supreme Court, New York County (Walter Tolub, J.), entered May 5, 2000, which, in an action by a laborer for personal injuries sustained at a construction site, denied the motion of third-party defendant, plaintiff's employer, seeking disclosure sanctions against plaintiff for his failure to appear at a deposition, and granted plaintiff's cross motion seeking disclosure sanctions against third-party defendant for its failure to produce surveillance videotapes of plaintiff to the extent of precluding the use of such tapes at trial unless turned over to plaintiff within five days, unanimously affirmed, without costs.

Third-party defendant's claim that plaintiff's responsive papers were untimely, and that plaintiff was therefore in default on its motion to sanction him for failure to appear at a deposition, is improperly raised for the first time on appeal. Third-party defendant had the opportunity to argue before the newly assigned Justice that plaintiff's responsive papers were late and should not be considered, but did not do so.

Third-party defendant's motion, made eight months after the filing of the note of issue, for a third deposition of plaintiff, was

properly denied. Disclosure proceedings may not be conducted after the note of issue is filed absent unusual or unanticipated circumstances (22 NYCRR 202.21 [d]; *see, Karr v Brant Lake Camp*, 265 AD2d 184), not shown here. The surveillance videotapes of plaintiff that formed the basis of third-party defendant's notice for the further deposition of plaintiff were in third-party defendant's possession prior to the second deposition of plaintiff, which was attended by third-party defendant's attorney, and prior to the filing of the note of issue. We would add that third-party defendant's motion was made more than six months after the court-ordered deadline for completion of disclosure (*see, Hilicki v Hotel Nikko*, 276 AD2d 396).

Plaintiff's claim that the motion court should have unconditionally precluded third-party defendant's use of the videotapes at trial because of untimely disclosure is not reviewable absent the filing of an appeal or cross appeal by plaintiff (*see, Hecht v City of New York*, 60 NY2d 57, 61). Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.