■ FRANCIS G. SCHIAVONI et al., Respondents, v VILLAGE OF SAG HARBOR et al., Defendants, ALLISON M. BOND et al., Intervenors-Appellants, et al., Intervenors-Defendants. [728 NYS2d 399] —In action for a judgment, *inter alia*, declaring that certain conditions imposed on the plaintiffs' application for a use variance were confiscatory and arbitrary, the intervenor-defendants Allison M. Bond, Alfred J. Brenner, Marie T. Brenner, Peter Davies, Violet Guarino, Helen Labrozzi, Joseph W. Labrozzi, Mary M. Labrozzi, Mark Scherzer, and Evan L. Schwartz appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), entered August 5, 1999, as denied that branch of their motion pursuant to CPLR 3211 (a) (5) which was to dismiss the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint is granted, upon searching the record, the defendants' cross motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint is granted, so much of the order as denied the cross motion is vacated, and the complaint is dismissed.

In 1980 the plaintiffs contracted to purchase certain property located within the Village of Sag Harbor, subject to their application for a use variance being granted. In May 1981, their application was granted, subject to certain conditions, and in 1982, the plaintiffs consummated the purchase of the property. In 1989, however, the plaintiffs commenced this action claiming, *inter alia*, that certain of the conditions imposed in 1981 were confiscatory and arbitrary. Certain neighboring residents, including the appellants, were granted permission to intervene as defendants. Thereafter, they moved, *inter alia*, to dismiss the complaint as time-barred. The defendants cross-moved, *inter alia*, for the same relief. The Supreme Court denied the motion and the cross motion, and 10 of the intervenors appealed. We reverse.

We agree with the appellants that the plaintiffs' action, which challenges a 1981 determination of the Zoning Board of Appeals of the Village of Sag Harbor, is time-barred (*see,* CPLR 217; *Solnick v Whalen,* 49 NY2d 224, 229-230).

Moreover, although generally "an appellate court's reversal or modification of a judgment as to an appealing party will not inure to the benefit of a nonappealing coparty" (*Hecht v City of New York,* 60 NY2d 57, 61-62), this case presents one of those rare occasions in which the grant of full relief to the appealing parties necessarily entails granting relief to nonappealing parties (*see, Cover v Cohen,* 61 NY2d 261, 277-278). Santucci, J. P., Goldstein, S. Miller and Friedmann, JJ., concur.