Bank v Hudson Produce, Inc. (2018 NY Slip Op 03630)





Bank v Hudson Produce, Inc.


2018 NY Slip Op 03630


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Manzanet-Daniels, J.P., Sweeny, Kapnick, Kahn, Oing, JJ.


6598N 650212/16

[*1] Noah Bank, Plaintiff-Appellant,
v
Hudson Produce, Inc., Defendant-Respondent.


The Hepp Law Office, New York (Joseph M. Hepp of counsel), for appellant.
Stempel Bennett Claman & Hochberg, P.C., New York (Richard L. Claman of counsel), for respondent.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered July 13, 2017, which, to the extent appealed from, granted defendant's motion to vacate a prior default judgment, same court and Justice, entered November 28, 2016, unanimously reversed, on the law, without costs, and the motion denied to the extent of remanding the matter for a traverse hearing to determine whether the court had jurisdiction to render the default judgment.
Since defendant is a corporation, CPLR 311(a)(1) governs the method of service in this action. It is undisputed that both service of the complaint and of plaintiff's motion papers seeking a default judgment were personally delivered to an employee of defendant, whom the corporate defendant's principal asserts was not authorized to accept service. Thus an issue of fact is raised as to whether plaintiff validly served defendant pursuant to CPLR 311(a)(1). Accordingly, a traverse hearing should have been held to determine whether defendant was entitled to relief from the judgment pursuant to CPLR 5015(a)(4), before the court ruled on an excusable default and meritorious defense (see Cipriano v Hank , 197 AD2d 295, 298 [1st Dept 1994]).
If, after the traverse hearing, the court finds that service was improper, then it must grant defendant's motion to vacate the default judgment pursuant to CPLR 5015(a)(4) and dismiss the action (cf . CPLR 317). If, however, the court determines that service was proper under CPLR 311(a)(1), then the motion to vacate the default judgment must be denied pursuant to CPLR 5015(a)(1), as defendant failed to raise a meritorious defense (see generally Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co. , 67 NY2d 138, 141 [1986]).
Defendant's argument that the court erred in denying its motion to stay the action pursuant to CPLR 3211(a)(4) is not properly before this Court because defendant did not appeal from the order (see Hecht v New York , 60 NY2d 57, 61 [1983]). In any event, the argument is unavailing. The litigation pending in another court involves a different corporate entity and a [*2]separate transaction.
We have considered the parties' remaining contentions and
find them unavailing or academic in light of our determination.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK