Harnden v Lentzos (2019 NY Slip Op 01288)





Harnden v Lentzos


2019 NY Slip Op 01288


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

527103

[*1]LAURA HARNDEN, Respondent,
v
NIKOLAOS LENTZOS et al., Defendants and Third- Party Plaintiffs- Respondents; FS & GK, LLC, Third-Party Defendant- Appellant.

Calendar Date: January 14, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (David M. Katz of counsel), for third-party defendant-appellant.
John T. Casey Jr., Troy, for respondent.
Burke, Scolamiero & Hurd, LLP, Albany (Peter Balouskas of counsel), for defendants and third-party plaintiffs-respondents.



MEMORANDUM AND ORDER
Lynch, J.
(1) Appeal from that part of an order of the Supreme Court (Mott, J.), entered October 19, 2017 in Ulster County, which denied third-party defendant's motion for summary judgment dismissing the third-party complaint, and (2) motion to strike portions of plaintiff's brief.
In December 2015, plaintiff was injured when she slipped and fell on a ramp leading from the back of third-party defendant's bagel shop, located in a building owned by defendants. Plaintiff commenced this action against defendants to recover for the injuries sustained, contending that she was "caused to fall on a dangerous and defective ramp without railings." [*2]Defendants, in turn, filed a third-party complaint seeking contractual and common-law indemnification, as well as contribution, against third-party defendant. After issue was joined and discovery conducted, Supreme Court denied third-party defendant's motion for summary judgment seeking to dismiss the third-party complaint, granted defendants' cross motion dismissing plaintiff's complaint against them and for conditional indemnification against third-party defendant, and granted plaintiff's motion to amend her complaint adding a direct claim against third-party defendant. Only third-party defendant appeals, and defendants moved to strike portions of plaintiff's brief seeking reinstatement of her claim against defendants.
We begin with defendants' motion to strike. The standard governing our review was enunciated by the Court of Appeals in Hecht v City of New York (60 NY2d 57 [1983]) as follows: "an appellate court's scope of review with respect to an appellant
. . . is generally limited to those parts of the judgment that have been appealed and that aggrieve the appealing party. The corollary to this rule is that an appellate court's reversal or modification of a judgment as an appealing party will not inure to the benefit of a nonappealing co-party unless the judgment was rendered against parties having a united and inseverable interest in the judgment's subject matter, which itself permits no inconsistent application among the parties" (id. at 61-62 [citations omitted]). Here, third-party defendant limited its notice of appeal to that part of Supreme Court's order "which denied [t]hird-[p]arty [d]efendant's motion to dismiss the [t]hird-[p]arty complaint and [p]laintiff's [c]omplaint." By its terms, this notice of appeal does not bring up for review the court's dismissal of the complaint against defendants. Moreover, although we recognize that a determination finding at least a question of fact as to whether defendants were negligent would benefit third-party defendant and be supportive of plaintiff's claim, that does not mean their interests are "united and inseverable" within the meaning of Hecht (id. at 62-64). Third-party defendant has preserved its interests with respect to any negligence on the part of defendants that either caused or contributed to plaintiff's injuries through the affirmative defenses raised in its third-party answer. As such, it is not necessary to reinstate plaintiff's complaint against defendants in order to provide full relief to third-party defendant (see id.; Mixon v TBV, Inc., 76 AD3d 144, 155-156 [2010]). For these reasons, defendants' motion to strike portions of plaintiff's brief is granted.
As to the merits, third-party defendant maintains that Supreme Court erred in failing to dismiss the third-party complaint and in granting defendants a conditional order of indemnity [FN1]. Defendants' claim for contractual indemnification emanates from the lease and rider, which requires third-party defendant to indemnify defendants for claims arising out of the negligence of third-party defendant. Absent a showing that defendants were free from negligence, however, their "claim for either contractual or common-law indemnification [was] premature" (Harrington [*3]v Fernet, 92 AD3d 1070, 1072 [2012]; see General Obligations Law § 5-322.1; Husted v Central N.Y. Oil & Gas Co., LLC, 68 AD3d 1220, 1223 [2009]). The record establishes that defendants built the ramp at the rear of the building to provide access to the kitchen well before third-party defendant acquired the bagel business and leased the premises from them in 2014. The main entrance to the bagel shop was on the side of the building and included stairs with a handrail and a handicap access ramp. In their moving papers, defendants presented the affidavit of a professional engineer, Ernest Gailor, who opined that the relevant building codes only applied to ramps used for "means of egress" and not utility ramps. By comparison, Gailor noted the report of plaintiff's building code consultant, Paul Economos, who opined that the ramp's 20% slope was hazardous, that it was not constructed with non-slip materials and that a handrail was required under the pertinent building code. Supreme Court credited the deposition testimony of defendant Elizabeth Lentzos that, during the time that defendants operated the bagel shop, they never allowed customers to utilize the ramp. In contrast, plaintiff testified in her deposition that she frequented the shop at least twice a year for over 29 years to pick up large bagel orders for the school where she worked and "more often than not" she would use the ramp to pick up the bagels at the back of the building. These factual discrepancies as to customer use and code compliance raise questions of fact as to whether defendants allowed customers to utilize an unsafe ramp.
An out-of-possession landlord may be held responsible for dangerous conditions on the premises "where the landlord retains control over the leased premises, has agreed to repair or maintain the premises or 'has affirmatively created the dangerous condition'" (Miller v Genoa AG Ctr., Inc., 124 AD3d 1113, 1115 [2015], quoting Boice v PCK Dev. Co., LLC, 121 AD3d 1246, 1247 [2014]). Because defendants installed the ramp and a question of fact has been raised as to whether they were aware that customers utilized the ramp, we agree with third-party defendant that a triable issue of fact has been raised as to whether defendants created the allegedly dangerous condition that led to plaintiff's fall. It follows that Supreme Court erred in granting defendants' cross motion for conditional indemnification.
By the same token, plaintiff's testimony also raised a question of fact as to whether third-party defendant allowed customers to use the ramp. Plaintiff testified that she went into the bagel shop to pick up and pay for the preordered bagels. At the counter, an employee of third-party defendant told her that he would meet her "out back" with the bagels. Plaintiff exited the store, went to her car parked by the back door to open the back hatch and then walked up the ramp to the back door. As she opened the door, the employee was coming out, so plaintiff proceeded back down the ramp, with the employee following her. Plaintiff explained that she lost traction when her right foot slipped, causing her to fall. She elaborated, "I was trying to catch myself, but there wasn't any place to catch." This scenario raises a question of fact as to whether plaintiff was invited to use the ramp by third-party defendant's employee. Considering that third-party defendant occupied the premises for almost two years before the accident and the record indicates that its agents maintained the ramp to remove ice and snow, issues of fact have also been raised as to third-party defendant's control over the ramp. It follows that Supreme Court did not err in denying third-party defendant's motion for summary judgment seeking to dismiss the third-party complaint.
Finally, third-party defendant maintains that Supreme Court abused its discretion in allowing plaintiff to amend her complaint. This issue was not preserved for review because third-party defendant's limited notice of appeal did not include that part of the order granting leave to amend the complaint (see CPLR 5515 [1]; Hecht v City of New York, 60 NY2d at 61).
Garry, P.J., Egan Jr., Clark and Pritzker, JJ., concur.
ORDERED that the motion is granted, without costs.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendants' cross motion for conditional indemnification against third-party defendant; said cross motion denied; and, as so modified, affirmed.



Footnotes

Footnote 1: Although the notice of appeal was limited to that part of Supreme Court's order as denied third-party defendant's motion seeking dismissal of the complaint and third-party complaint, this Court "may review unappealed portions of [an] order that are 'inextricably intertwined' with the appealed-from portion" (Castellon v Reinsberg, 82 AD3d 635, 636 [2001]; see City of Mount Vernon v Mount Vernon Hous. Auth., 235 AD2d 516, 517 [1997]). Because the issue of whether third-party defendant is entitled to dismissal of the third-party complaint necessarily involves a review of whether defendants were entitled to conditional indemnity, we may review that part of Supreme Court's order as granted defendants' cross motion for conditional indemnification against third-party defendant.