LaSalle Bank N.A. v Lawrence (2020 NY Slip Op 05042)





LaSalle Bank N.A. v Lawrence


2020 NY Slip Op 05042


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-04651
 (Index No. 23060/08)

[*1]LaSalle Bank National Association, etc., respondent,
v
Wayne Lawrence, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David and Megha Patel Kotecha of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Wayne Lawrence appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated February 28, 2017. The order, insofar as appealed from, granted the plaintiff's motion pursuant to CPLR 3025(b) for leave to serve a supplemental summons and amended complaint so as to add 436 Franklin Realty, LLC, as an additional defendant.
ORDERED that the appeal is dismissed, without costs or disbursements, as the defendant Wayne Lawrence is not aggrieved by the portion of the order appealed from (see CPLR 5511).
"[A]n appellate court's scope of review with respect to an appellant, once an appeal has been timely taken, is generally limited to those parts of the judgment [or order] that have been appealed and that aggrieve the appealing party" (Hecht v City of New York, 60 NY2d 57, 61; see Citimortgage, Inc. v Etienne, 172 AD3d 808, 809). "Generally, . . . a person is aggrieved when someone asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part" (Citimortgage, Inc. v Etienne, 172 AD3d at 809 [internal quotation marks omitted]). Here, the appellant is not aggrieved by the portion of the order appealed from granting the plaintiff's motion pursuant to CPLR 3025(b) for leave to serve a supplemental summons and amended complaint so as to add 436 Franklin Realty, LLC, as an additional defendant (see CPLR 5511; Citimortgage, Inc. v Weaver, 163 AD3d 625, 626). Since that is the only portion of the order from which the appellant appeals, the appeal must be dismissed (see CPLR 5511; Hecht v City of New York, 60 NY2d at 61; Citimortgage, Inc. v Etienne, 172 AD3d at 809).
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court