Wontz v Kravetz (2021 NY Slip Op 50591(U))

[*1]

Wontz v Kravetz

2021 NY Slip Op 50591(U) [72 Misc 3d 128(A)]

Decided on June 24, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 24, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TERRY JANE RUDERMAN, P.J., TIMOTHY S. DRISCOLL, HELEN
VOUTSINAS, JJ

2019-1551 OR C

George V. Wontz, Appellant,
against
Dionne Kravetz, Respondent. 

George V. Wontz, appellant pro se.
Dionne Kravetz, respondent pro se (no brief filed).

Appeal from a judgment of the Justice Court of the Town of Blooming Grove, Orange
County (Stephen J. Smith, J.), entered June 7, 2019. The judgment, insofar as appealed from,
after a nonjury trial, dismissed plaintiff's cause of action.

ORDERED that the judgment, insofar as appealed from, is reversed, without costs, and the
matter is remitted to the Justice Court for a new trial.
In this small claims action, plaintiff seeks to recover unpaid utility fees from his former
tenant. Defendant interposed a counterclaim. Following a nonjury trial, the Justice Court, among
other things, dismissed plaintiff's cause of action. Plaintiff appeals from so much of a judgment
as dismissed his action, claiming that a new trial is required because none of the witnesses were
sworn at trial.
"[A]ll persons testifying in a civil action, even a small claims action, must be sworn" (Diederich v Del Prior, 18 Misc 3d
132[A], 2008 NY Slip Op 50084[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists
2008]; see Tucker v Certified
Automotive Servs., 61 Misc 3d 153[A], 2018 NY Slip Op 51809[U] [App Term, 2d
Dept, 9th & 10th Jud Dists 2018]; Karim v Khelawan, 59 Misc 3d 136[A], 2018 NY Slip Op
50516[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; Remy v Elegant HVAC, Inc., 51 Misc
3d 146[A], 2016 NY Slip Op 50742[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists
2016]; Platinum Ridge Hoa, Inc. v
Rovenskiy, 24 Misc 3d 136[A], 2009 NY Slip Op 51501[U] [App Term, 2d Dept, 2d,
11th & 13th Jud Dists 2009]). Any form of oath is satisfactory as long as it is "calculated to
awaken the conscience and impress the mind of the person taking it in accordance with his
religious or ethical beliefs" (CPLR 2309 [b]). As the record does not show that any witness was
sworn at trial, but rather indicates that plaintiff's case rested upon his unsworn testimony and the
statements of his counsel, the judgment, insofar as appealed from, failed to render substantial
[*2]justice between the parties according to the rules and
principles of substantive law (see UJCA 1804, 1807; Karim v Khelawan, 59 Misc 3d 136[A], 2018 NY Slip Op
50516[U]; Remy v Elegant HVAC,
Inc., 51 Misc 3d 146[A], 2016 NY Slip Op 50742[U]; Platinum Ridge Hoa, Inc. v Rovenskiy,
24 Misc 3d 136[A], 2009 NY Slip Op 51501[U]; see also Ross v Friedman, 269
AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
While defendant did not appeal from the judgment, as the trial is, in effect, a nullity due to
the unsworn testimony, substantial justice (see UJCA 1804, 1807) requires that a new
trial be held on both plaintiff's claim and defendant's counterclaim (see Hecht v City of New
York, 60 NY2d 57, 62 [1983] ["It is, of course, axiomatic that, once an appeal is properly
before it, a court may fashion complete relief to the appealing party. On rare occasions, the grant
of full relief to the appealing party may necessarily entail granting relief to a nonappealing
party"]; Gottlieb v Gottlieb, 137
AD3d 614, 615 [2016] ["On rare occasions, in granting relief to an appealing party, the
nonappealing party may also benefit, particularly where, as here, the issues are hopelessly
entangled" (citation omitted)]). 
Accordingly, the judgment, insofar as appealed from, is reversed and the matter is remitted to
the Justice Court for a new trial. 
RUDERMAN, P.J., DRISCOLL and VOUTSINAS, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 24, 2021