D. Ormonde Ritchie, J.
The defendants make this motion for an order directing the joinder of a party defendant to this action pursuant to subdivision 2 of section 193 of the Civil Practice Act. The action is one in tort. The complaint alleges causes of action for damages alleged to have been sustained as a result of the explosion of dynamite blasting caps kept in an unsealed box in a shed on premises owned, operated and controlled by the present defendants in the action. By amendment to the answer the present defendants deny ownership, operation or control of the premises. It is the defendants’ contention in this motion that ownership, operation and control of the premises passed to the defendant sought to be joined, title having been conveyed to it prior to the happening of the accident, giving rise to this action. Section 193 directs joinder where the party sought to be joined is an indispensable party or a conditionally necessary party to the action. An indispensable party is one whose absence will prevent an effective determination of the controversy or whose interests are not severable or would be inequitably affected by a judgment rendered between the parties before the court. The defendant sought to be joined is not an indispensable party to this action. The action being one in which the negligence of the present defendants must be established in order to permit a recovery by plaintiffs, resolution of that issue will effectively determine the controversy between the present parties to the action and will not inequitably affect the interest of any other party, excepting possibly that of plaintiffs. There remains for determination, then, whether the defendant sought to be joined is a conditionally necessary party. A conditionally necessary party is not an indispensable party but a party who ought to be joined if complete relief is to be accorded those already parties to the action. The complaint alleges ownership, operation and con *807 trol in the present defendants. It asserts no claim against the defendant sought to be joined. Ownership, operation and control of the premises are issues which, when resolved, will accord complete relief between the present parties to the action. It may-well be that defendants’ relief lies within the provisions of section 193-a of the Civil Practice Act, but that section is not to be confused with section 193, which specifies those parties that are indispensable or who should be joined in an action in order that complete relief be afforded between those already parties thereto.
This action, as presently constituted, will permit complete relief between the parties hereto upon the issues presented and no rights other than those of plaintiffs can be jeopardized or affected through a failure to join a party against whom a recovery might be had. In tort actions particularly, a party may elect to proceed against which of those he claims to be liable whether or not others may be also liable. Section 193 does not prohibit such election.
The motion is denied.