Cortland A. Johnson, J.
This is a motion in four parts one of which is to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice as insufficient in law. Since I believe this motion should be granted with leave to plead over, it will be unnecessary to discuss the balance of the motion in detail, except to indicate some features, which should guide the plaintiff in framing a new complaint.
The essence of plaintiff’s grievance is that he has attempted to establish a travel agency in Nassau County and that the defendant, who is already established in that business in Hempstead is claimed to have induced all the airlines to with *529 hold all agency appointments from plaintiff, and the commissions which flow therefrom, thus completely stifling his business.
A letter signed by the defendants dated May 10, 1954, addressed to the Air Traffic Conference of America, which is an agency for all the airlines, is annexed to the complaint as an exhibit. A fair reading of this letter indicates that it had for its purpose the very thing about which plaintiff complains. However, at the time it was written, section 340 of the General Business Law was, by its terms, confined to trade and commerce in commodities and it was thus interpreted by the courts. (Nasman v. Bank, of New York, 49 N. Y. S. 2d 181 [May, 1944].)
On July 1, 1957 section 340 was extensively amended so that it now interdicts conduct whereby competition “ in the furnishing of any service in this state * * * is or may be restrained ’ ’ and then goes on to declare such conduct “to be against public policy, illegal and void ”. (L. 1957, ch. 893.) In addition, section 341 makes such activity a crime.
Thus, it is clear that the complaint should concern itself with what has happened since July 1, 1957 and it may be well to point out at this time that only the ultimate facts should be pleaded, not the evidence.
As among several joint tort-feasors, it is the plaintiff’s prerogative to decide how many to sue (Fox v. Western New York Motor Lines, 257 N. Y. 305) and all tort-feasors are neither indispensable nor conditionally necessary parties, as their liability is both joint and several. The fact that the alleged wrongdoers are charged with having entered upon a conspiracy, does not alter their several liability. Nor does the conspiracy constitute a separate cause of action. A conspiracy has been defined as a combination to do an illegal act by legal means, or any act by illegal means. (Purofied Down Prods. Corp. v. National Assn. of Bedding Mfrs., 201 Misc. 149.) The agreement or combination in this case and the acts which put it into effect, so as to prevent the plaintiff from competing with the defendant, are one cause of action, although such a course of conduct may have violated several statutes.
Enough has been said to dispose of the main issues raised by the motion, which is accordingly granted with leave to plead over.
Short form order signed.