EVE SISKIND et al., Appellants, v. RAY C. LEVY et al., Defendants, and PHILIP JACOBS, Doing Business as SHELLEY BAKERY, Respondent.— In an action by the plaintiff wife to recover damages for personal injuries and by her husband to recover damages for expenses incurred and for loss of his wife's services, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County, dated March 21, 1960: (1) as imposed a condition to the denial of the defendant Jacobs' motion, made under section 180 of the Civil Practice Act, to dismiss plaintiffs' amended complaint with respect to him on the ground of plaintiffs' unreasonable neglect to serve the summons on one of the named defendants, Levy, an Ohio resident; and (2) as granted said defendant's motion to the extent of severing the action and dismissing the complaint against him without prejudice in the event plaintiffs shall fail to comply with the condition. The condition imposed was

that plaintiffs shall serve the summons on Levy by publication, to be commenced within a specified time. Order modified: (1) by striking out the first decretal paragraphs denying the motion conditionally; (2) by striking out the second decretal paragraph granting the motion if the condition be not fulfilled by plaintiffs; and (3) by substituting therefor a paragraph denying the motion unconditionally. As so modified, the order, insofar as appealed from, is affirmed, with $10 costs and disbursements to plaintiffs. The mere naming or designation in a summons and complaint of any person as a defendant does not make him a party to the action. He does not become a party to the action until he has been served with the summons or until he has voluntarily appeared in the action (*Bennett* v. *Bird,* 237 App. Div. 542; *Emmons* v. *Hirschberger,* 270 App. Div. 1025). A joint tort-feasor is neither an indispensable nor a conditionally necessary party under sections 180 and 193 of the Civil Practice Act. Therefore, defendant Jacobs was not entitled to any relief as against plaintiffs by reason of their omission to serve the summons on the named defendant Levy (*Hall* v. *Wood,* 11 Misc 2d 805; *McManus* v. *Ryan,* 10 Misc 2d 528, revd. on other grounds 7 A D 2d 639, motion for leave to appeal dismissed 5 N Y 2d 928). In any event, it is premature and improper to direct dismissal of the complaint even conditionally, in the absence of a prior order directing process to be served within a reasonable time upon Levy, and in the absence of proof of the failure to comply with such direction (Civ. Prac. Act, §§ 192, 193; Rules Civ. Prac., rule 102; *Carruthers* v. *Waite Min. Co.,* 306 N. Y. 136). Beldock, Acting P. J., Kleinfeld, Christ, Pette and Brennan, JJ., concur.