■ NATIONAL CAR RENTAL SYSTEMS, INC., Respondent, v LA CONCORDE COMPAGNIE D'ASSURANCE et al., Appellants, and PHILADELPHIA INDEMNITY COMPANY, Respondent, et al., Defendants. [726 NYS2d 620] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered June 16, 2000, which, in an action by plaintiff car rental company against defendants-appellants foreign insurer to recover money spent in settling an underlying personal injury action in Florida, denied appellants' motion to dismiss the action on the grounds of forum non conveniens and failure to join a necessary party, unanimously affirmed, with costs.

Appellants emphasize that the subject policy was procured and executed in France by a French car rental company and is governed by French law, that none of the parties to the action are New York residents, and that plaintiff is a large international car rental company whose "mutual association" agreement with appellants' policyholder, a nonparty French car rental company that reserved the rental of the car, is also governed by French law. The IAS court, after weighing these factors against those identified by plaintiff and appellants' codefendant, an American insurer who separately provided "supplemental" insurance and has cross-claimed against appellants, properly decided to retain the action. First, appellants should have had an expectation of being sued in the United States given the regularity and volume of the French car rental company's business in the United States and the provision in the policy with that company specifically covering the latter's customers driving cars in the United States. Second, New York is the only available United States forum with jurisdiction over all of the parties, Florida courts having dismissed appellants from a prior identical action for lack of jurisdiction over them. Third, appellants fail to demonstrate that French courts would entertain the action insofar as it is brought by one American insurer against another American insurer for contribution to the settlement of a lawsuit in Florida. Fourth, the issues of concern to appellants, namely, interpretation of the policy and whether timely notice of the accident was given, are not complex or unduly burdensome. Fifth, appellants do not identify witnesses who would be burdened by a trial in New York. In short, there does not appear to be an alternative forum in which complete relief can be obtained or that the action would be burdensome to our courts.

Nor should the action be dismissed for nonjoinder of the French car rental company. As the IAS court noted, the policy, while procured by the French car rental company, on its face

insured appellants' customer, the driver of plaintiff's vehicle. Thus, while the mutual association agreement between plaintiff and the French car rental company obligates the latter to indemnify the former, no basis exists for compelling plaintiff to pursue indemnification against the French car rental company rather than its right of subrogation against appellants derived from its payment of the settlement on behalf of appellants' customer. To the extent appellants argue that any obligation it had to indemnify their customer was nullified by the French car company's failure to give timely notice of the accident, that argument goes to the merits of plaintiff's claim, not the availability of relief, and should be a matter of concern to plaintiff, not appellants. The present parties to the action can obtain complete relief on their respective claims without joinder of the French car rental company, and there is no showing that the latter would be inequitably affected by a judgment awarded in favor of any of the present parties (CPLR 1001). Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Saxe, JJ.