■ WALTER MIHAILOVICH, Respondent, v COASTAL PRACTICE SERVICES OF THE NORTHEAST, INC., et al., Defendants, and NEW YORK DOWNTOWN HOSPITAL, Appellant. NYU DOWNTOWN HOSPITAL, Sued Herein as NEW YORK DOWNTOWN HOSPITAL, Third-Party Plaintiff-Appellant, v ERNEL S. LEWIS, M.D., Third-Party Defendant-Appellant. [741 NYS2d 535] —Order, Supreme Court, New York County (Jane Solomon, J.), entered August 7, 2001, which granted plaintiff's motion to vacate a preclusion order without prejudice to defendants seeking a similar preclusion order in Queens County, unanimously affirmed, without costs.

Plaintiff, injured in an automobile accident, commenced an action in Queens County against the owner and driver of the car in which he was a passenger, and in New York County against the hospital where he was given emergency room treatment. It appears that plaintiff was permitted to file a note of issue in the New York County action even though he had not provided expert disclosure, and that he was precluded from offering expert evidence at trial at a pretrial conference at which he failed to appear and defendants represented that the expert disclosure had not been provided. Plaintiff moved pursuant to CPLR 2221 "to reargue, renew and modify" the preclusion order, and, when the motion was denied, he moved in Queens County to consolidate the New York action with the Queens action, which motion was granted to the extent of ordering a joint trial in Queens. When this Court dismissed plaintiff's appeal from the order denying his motion to reargue, renew or modify the preclusion order (279 AD2d 947), he made a motion, again in New York County, pursuant to CPLR 5015 (a) (1) to "vacate" the default that preceded the preclusion order. This motion was properly granted "in deference" to the Queens County trial court, without prejudice to defendants seeking an order from that court precluding plaintiff from offering expert testimony at trial. As the motion court stated,

"The spirit of the IAS system dictates that the trial court retain control over actions before it, and in that spirit, it is appropriate that the Queens County justice should enjoy the opportunity to exercise his discretion over the trial of this action being held in his Court." Concur—Tom, J.P., Mazzarelli, Rosenberger and Rubin, JJ.