■ JOSEPH A. WOOD, Respondent, v NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant. [845 NYS2d 641]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered November 13, 2006 in a declaratory judgment action. The order, among other things, denied defendant's motion for, inter alia, dismissal of the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting summary judgment to plaintiff and as modified the order is affirmed without costs, and judgment is granted in favor of plaintiff as follows: "It is ADJUDGED AND DECLARED that defendant has a duty to defend and indemnify plaintiff in the underlying third-party action."

Memorandum: An alleged employee of plaintiff was injured in a construction site accident in March 1994 and in November 1994 commenced an action against plaintiff that was subsequently dismissed upon stipulation. The alleged employee then commenced an action against the owner of the property in April

1995, and the property owner commenced a third-party action against plaintiff in March 1996. Upon the record before us, it appears that the latter actions remain pending. At the time of the accident, plaintiff was insured under a policy issued by defendant. Although defendant initially provided a defense to plaintiff in the two actions commenced against him, defendant issued a disclaimer of coverage on June 5, 1997 based on a policy exclusion barring coverage for injuries sustained by an employee of plaintiff. Plaintiff then commenced this action seeking, inter alia, a determination that defendant's notice of disclaimer was untimely and a declaration that defendant has a duty to defend and indemnify plaintiff in the underlying third-party action. Before answering the complaint, defendant moved to dismiss it pursuant to CPLR 3211 (a) (1) and (7). In addition, defendant asked Supreme Court to treat its motion as one for summary judgment pursuant to CPLR 3211 (c) and to declare, inter alia, that it has no duty to defend or indemnify plaintiff in the underlying third-party action. In opposing the motion, plaintiff asserted that he is entitled to summary judgment in his favor in the event that the court treated defendant's motion as one for summary judgment. We conclude that the court should have granted the relief sought by plaintiff, and we therefore modify the order accordingly and grant judgment in favor of plaintiff.

Pursuant to Insurance Law § 3420 (d), defendant was required to "give written notice as soon as is reasonably possible" of the disclaimer of coverage. The " 'timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for . . . denial of coverage,' " and the insurer has the burden of justifying the delay (*First Fin. Ins. Co. v Jetco Contr. Corp.*, 1 NY3d 64, 68-69 [2003]). An "investigation into issues affecting an insurer's decision whether to disclaim coverage obviously may excuse delay in notifying the policyholder of a disclaimer" (*id.* at 69).

Here, the record contains a letter from defendant to plaintiff dated October 19, 1995 indicating that defendant was reserving its right to disclaim coverage if it was determined that the injured party was an employee of plaintiff. Defendant contends that it did not receive a decision from the Workers' Compensation Board determining that the injured party was an employee of plaintiff until May 23, 1997, and that its notice of disclaimer 13 days after receipt of that decision was timely. We reject that contention. Defendant was not required to await the decision of the Workers' Compensation Board before issuing a disclaimer and, indeed, defendant was required to conduct its own

investigation into the matter, including obtaining a statement from plaintiff.

To the extent that defendant contends that its delay was caused by plaintiff's conduct in failing to cooperate, defendant is not entitled to raise that contention for the first time on appeal (*see General Acc. Ins. Group v Cirucci*, 46 NY2d 862, 864 [1979]; *Allstate Ins. Co. v Moon*, 89 AD2d 804, 806 [1982]; *see also Campos v Sarro*, 309 AD2d 888, 889 [2003]). In any event, mere inaction by an insured does not by itself justify a disclaimer of coverage on the ground of lack of cooperation (*see New York State Ins. Fund v Merchants Ins. Co. of N.H.*, 5 AD3d 449, 451 [2004]), and defendant offered no explanation for the failure of its field investigator to travel to plaintiff's house, for the failure of its private investigator to obtain a statement from plaintiff, or for its failure to attempt to obtain a transcript of the hearing before the Workers' Compensation Board, which was conducted in October 1996. We thus conclude that, although ordinarily the reasonableness of an insurer's explanation for the delay in disclaiming coverage is an issue of fact (*see Matter of Cosgriff v Progressive Ins. Co.*, 303 AD2d 680 [2003]; *Vecchiarelli v Continental Ins. Co.*, 277 AD2d 992, 993 [2000]), here defendant's explanation for the 19-month delay is unreasonable as a matter of law (*see Bovis Lend Lease LMB, Inc. v Royal Surplus Lines Ins. Co.*, 27 AD3d 84, 88 [2005]; *Dependible Janitorial Servs. v Transcontinental Ins. Co.*, 212 AD2d 946 [1995], *lv denied* 85 NY2d 811 [1995]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.