■ MAYER'S CIDER MILL, INC., Respondent, v PREFERRED MUTUAL INSURANCE COMPANY, Appellant, and JAMES LANSDOWNE, Respondent. [879 NYS2d 858]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 19, 2008 in a declaratory judgment action. The judgment, among other things, granted plaintiff's motion for summary judgment.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a declaration that defendant Preferred Mutual Insurance Company (Preferred Mutual) must defend and indemnify plaintiff in the underlying personal injury action commenced against it by defendant James Lansdowne. We agree with plaintiff that Supreme Court properly granted its motion for summary judgment seeking that declaration. Lansdowne was injured in October 1999, at the age of 12, when he placed his hand inside machinery used to process apple cider, but he did not commence the underlying action until March 2007. Lansdowne is the son of one of plaintiff's employees and the younger brother of another of plaintiff's employees. Preferred Mutual never disclaimed coverage, but an individual who served as plaintiff's secretary and treasurer signed a "Non-Waiver Agreement" on October 18, 1999 pursuant to which Preferred Mutual indicated that it would investigate the claim and reserved its right to disclaim coverage. In his underlying amended complaint, Lansdowne asserted, inter alia, that he was a 12-year-old independent contractor who was paid an hourly sum by plaintiff, and plaintiff asserted as an affirmative defense in its answer that Lansdowne was "not its employee or independent contractor." By letter dated May 31, 2007, Preferred Mutual advised

plaintiff that its investigation into the matter was continuing, noted that the policy did not apply to employees, and continued to reserve its right to deny coverage.

We agree with the court that Preferred Mutual failed to provide the requisite written notice of disclaimer to plaintiff "as soon as [was] reasonably possible" (Insurance Law § 3420 [d] [2]; *cf. Zappone v Home Ins. Co.*, 55 NY2d 131, 136-137 [1982]). The "timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for . . . denial of coverage, and the insurer has the burden of justifying the delay" (*Wood v Nationwide Mut. Ins. Co.*, 45 AD3d 1285, 1286 [2007] [internal quotation marks omitted]). It is incumbent upon the insurance company to conduct its own prompt investigation (*see id.* at 1286-1287), and "the burden is on the insurer to demonstrate that its delay [in disclaiming coverage] was reasonably related to its completion of a thorough and diligent investigation" (*Tully Constr. Co., Inc. v TIG Ins. Co.*, 43 AD3d 1150, 1152-1153 [2007]).

Preferred Mutual contends that its investigation into Lansdowne's employment status remains ongoing and that its delay in disclaiming coverage is justified because plaintiff initially reported the claim "for informational purposes only." The record establishes, however, that Preferred Mutual had plaintiff execute the nonwaiver agreement in October 1999, and the general liability loss notice completed by Preferred Mutual's agent did not state that the claim was reported for informational purposes only. The record further establishes that Preferred Mutual received notice that Lansdowne had retained counsel with respect to the subject accident no later than May 22, 2000 and that in March 2001 its representative was present during an inspection of the machine that caused Lansdowne's injury. There is no indication in the record that Preferred Mutual thereafter conducted any further investigation and, indeed, it took no action until Lansdowne commenced the underlying personal injury action against plaintiff in March 2007. Thus, although Preferred Mutual had prompt notice of the claim and contradictory information regarding Lansdowne's employment status immediately after the accident, it failed to conduct a timely investigation into the claim and has offered no reasonable explanation for its failure to do so. Any disclaimer by Preferred Mutual therefore is now untimely as a matter of law (*see Wood*, 45 AD3d at 1287).

Finally, we reject the contention of Preferred Mutual that the manufacturer and distributor of the machine in question are necessary parties to this action, pursuant to CPLR 1001 (a).

The issue whether Preferred Mutual must defend and indemnify plaintiff has no bearing on any claim by Lansdowne against the manufacturer or the distributor, and they thus are not affected, "inequitably" or otherwise, by this action (*id.*). Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.