■ JEANNINE FERRIOLA et al., Respondents, v PETER DIMARZIO et al., Defendants, and CHARLES BARRESI, Appellant. [919 NYS2d 871]—

In an action, inter alia, to recover damages for breach of contract and negligence, the defendant Charles Barresi appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated August 19, 2010, as denied his motion for leave to amend his answer to add the affirmative defense that the amended complaint fails to name necessary and indispensable parties.

Ordered that the order is affirmed insofar as appealed from, with costs.

In the absence of significant prejudice or surprise to the opposing party, leave to amend a pleading should be freely given (see CPLR 3025 [b]; *Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]) unless the proposed amendment is palpably insufficient or patently devoid of merit (see *Bernardi v Spyratos*, 79 AD3d 684, 688 [2010]; *Malanga v Chamberlain*, 71 AD3d 644, 646 [2010]; *Unger v Leviton*, 25 AD3d 689, 690 [2006]). The appellant's proposed amendment to his answer, in which he seeks to add the affirmative defense that the amended

complaint fails to name necessary and indispensable parties, was palpably insufficient and patently devoid of merit. The appellant failed to establish that the nonparties Delidakis Construction Co., Inc., and Donna Freedhand Design were anything more than joint tortfeasors. Since joint tortfeasors are not necessary parties (*see* CPLR 1001 [a]; *Hecht v City of New York*, 60 NY2d 57, 62 [1983]; *Peak v Bartlett, Pontiff, Stewart & Rhodes, P.C.*, 28 AD3d 1028, 1030 [2006]; *Amsellem v Host Marriott Corp.*, 280 AD2d 357, 359 [2001]; *Wolstencroft v Sassower*, 124 AD2d 582 [1986]; *Siskind v Levy*, 13 AD2d 538, 539 [1961]), the proposed affirmative defense was palpably insufficient and patently devoid of merit. Accordingly, the Supreme Court providently exercised its discretion in denying the appellant's motion for leave to amend his answer to add the affirmative defense that the amended complaint fails to name necessary and indispensable parties. Dillon, J.P., Leventhal, Belen, Austin and Cohen, JJ., concur.