■ Mason Tenders District Council Welfare Fund et al., Respondents, v Diamond Construction & Maintenance, Inc., et al., Defendants. Deutsche Bank National Trust Company, Nonparty Appellant. [922 NYS2d 789]—

In an action for leave to enter a renewal judgment pursuant to CPLR 5014, nonparty Deutsche Bank National Trust Company appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated July 22, 2010, which denied its motion pursuant to CPLR 5015 (a) (4) to vacate a renewal judgment of the same court dated January 11, 2010 on the ground that the Supreme Court lacked jurisdiction to issue the renewal judgment because Deutsche Bank National Trust Company was not joined as a necessary party.

Ordered that the order is affirmed, with costs.

"Persons who ought to be parties if complete relief is to be accorded between the persons who are parties to the action or who might be inequitably affected by a judgment in the action shall be made plaintiffs or defendants" (CPLR 1001 [a]). This statute "limit[s] the scope of indispensable parties to those cases and only those cases where the determination of the court will adversely affect the rights of nonparties" (*Matter of Castaways Motel v Schuyler*, 24 NY2d 120, 125 [1969]; *see Spector v Toys "R" Us, Inc.*, 12 AD3d 358, 359 [2004]).

Here, the Supreme Court properly found that nonparty Deutsche Bank National Trust Company did not need to be joined in the instant action in order to accord complete relief to the parties, and that Deutsche Bank National Trust Company was not inequitably affected by the renewal judgment. Dillon, J.P., Covello, Eng and Chambers, JJ., concur. **[Prior Case History: 28 Misc 3d 1214(A), 2010 NY Slip Op 51318(U).]**