■ PATRICIA SANDIFORD, Respondent, v ROBERT KAHN et al., Defendants, and MILLENNIUM ABSTRACT CORP., Appellant. (And Other Titles.) [923 NYS2d 865]—

In an action to recover damages for fraud and negligence, the defendant Millennium Abstract Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated March 16, 2010, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and pursuant to CPLR 1003 to dismiss the complaint insofar as asserted against it for failure to join a necessary party.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the motion of the defendant Millennium Abstract Corp. (hereinafter Millennium) which was for summary judgment dismissing the complaint insofar as asserted against it. Millennium failed to meet its prima facie burden on that branch of the motion because its own submissions raised triable issues of fact as to whether it breached a duty of care to the plaintiff by allegedly producing inaccurate or falsified documents upon which the plaintiff claims she reasonably relied at the subject real estate closing. Because Millennium failed to meet its prima facie burden, the sufficiency of the plaintiff's opposition papers need

not be addressed (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Millennium's additional contention that the complaint must be dismissed insofar as asserted against it for failure to join an alleged joint tortfeasor as a necessary party is without merit (*see* CPLR 1001 [a]; *Hecht v City of New York*, 60 NY2d 57, 62 [1983]; *Ferriola v DiMarzio*, 83 AD3d 657 [2d Dept 2011]; *Wolstencroft v Sassower*, 124 AD2d 582 [1986]). Mastro, J.P., Hall, Lott and Cohen, JJ., concur.