■ KRYSTLE SMITH et al., Respondents, v PETER PASQUA, JR., et al., Appellants, et al., Defendants. [972 NYS2d 98]—

In a consolidated action to recover damages for medical malpractice, etc., the defendant Sherman Dunn, Jr., and the defendant Peter Pasqua, Jr., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated October 5, 2011, as denied that branch of the motion of the defendant Sherman Dunn, Jr., joined in by the defendant Peter Pasqua, Jr., which was pursuant to CPLR 3211 (a) (10) to dismiss the complaint insofar as asserted against each of them for failure to join a necessary party, and the defendant Irene Kakossian separately appeals, as limited by her brief, from so much of the same order as denied those branches of her cross motion which were pursuant to CPLR 3211 (a) (10) to dismiss the complaint insofar as asserted against her for failure to join a necessary party, or, in the alternative, to limit the plaintiffs' recovery to the limits of the defendants' insurance policies.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court did not err in concluding that the nonparty Victory Memorial Hospital (hereinafter the hospital) was not a necessary party to this action. Contrary to the appellants' contention, even if it were shown that the hospital would be vicariously liable for any negligence of the individual defendants, or that it had a contractual obligation to indemnify those individual defendants for damages recovered from them in this action, those factors would not render the hospital a necessary party to this action (*see* CPLR 1001 [a]; *National Car Rental Sys. v La Concorde Compagnie D'Assurance*, 283 AD2d 249, 250 [2001]; *see also Hecht v City of New York*, 60 NY2d 57, 62-63 [1983]; *Sandiford v Kahn*, 84 AD3d 1209 [2011]; *Ferriola v DiMarzio*, 83 AD3d 657, 658 [2011]; *Mayer's Cider Mill, Inc. v Preferred Mut. Ins. Co.*, 63 AD3d 1522, 1523-1524 [2009]; *Siskind v Levy*, 13 AD2d 538, 539 [1961]). Complete relief may be accorded to the parties in this action without the presence of the hospital, as a plaintiff may proceed against any or all joint tortfeasors, and a judgment for or against one tortfeasor does not operate as a merger or bar of a claim against other tortfeasors (*see Hecht v City of New York*, 60 NY2d at 62). Accordingly, the Supreme Court properly denied those branches of the motion and cross motion which were pursuant to CPLR 3211 (a) (10) to dismiss the complaint for failure to join a necessary party.

The Supreme Court properly denied that branch of the cross motion of Irene Kakossian which was, in the alternative, to limit the plaintiffs' recovery to the limits of the defendants' insurance policies (*see* CPLR 1001 [b]).

The appellants' remaining contention, regarding the validity of a certain stipulation, is not properly before this Court (*see Waterman v Weinstein Mem. Chapel*, 49 AD3d 717, 718 [2008]). Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.