Battisti v Broome Coop. Ins. Co. (2018 NY Slip Op 04992)





Battisti v Broome Coop. Ins. Co.


2018 NY Slip Op 04992


Decided on July 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 5, 2018

524609

[*1]BETTY BATTISTI, as Assignee of PAUL T. DIETER et al., Appellant,
v
BROOME COOPERATIVE INSURANCE COMPANY, Respondent.

Calendar Date: May 29, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


Michael W. Smrtic, Gloversville (Nicholas E. Tishler of counsel), for appellant.
Costello, Cooney & Fearon, PLLC, Camillus (Erin K. Skuce of counsel), for respondent.



MEMORANDUM AND ORDER
McCarthy, J.
Appeal from an order of the Supreme Court (Kupferman, J.), entered August 29, 2016 in Fulton County, which, among other things, granted defendant's cross motion for summary judgment dismissing the complaint.
On October 20, 2013, while plaintiff was visiting Sheryl L. Dieter (hereinafter Dieter) and Paul T. Dieter at their home, their dog bit plaintiff, causing injuries. The Dieters timely submitted a claim to defendant, which had issued their homeowners' insurance policy. On March 11, 2014, two weeks after defendant learned that the dog had bitten Dieter's mother approximately a month before biting plaintiff, defendant disclaimed coverage. Specifically, defendant cited a policy provision entitled "Misrepresentation, Concealment or Fraud," which states that the policy does "not provide coverage if, whether before or after a loss: a. An insured has willfully concealed or misrepresented . . . any material fact or circumstance concerning this insurance; or . . . b. There has been fraud or false swearing by an insured regarding any matter relating to this insurance or the subject thereof." Defendant also relied on an exclusion for "Canine Related Injuries or Damages," which states, in pertinent part, that the "policy [does] not apply to any injury to persons . . . caused by any dog . . . in your care . . . when such injury . . . is caused by or contributed to by . . . any canine that has a history of one or more attacks on people, property or other animals that is verifiable from insurance claims records, police or public record sources."
The Dieters commenced this action seeking, among other things, a declaration that defendant must provide them coverage for plaintiff's claim. After plaintiff obtained a judgment against the Dieters in her underlying personal injury action, they assigned their rights in this action to her. Plaintiff thereafter moved for summary judgment and defendant cross-moved for summary judgment. Supreme Court denied plaintiff's motion, granted defendant's cross motion and dismissed the complaint. Plaintiff appeals.
Supreme Court correctly concluded that triable issues of fact preclude the granting of summary judgment to either party regarding defendant's denial of coverage based on Dieter's alleged misrepresentation, concealment or fraud. Defendant's claims manager averred that when she talked to Dieter a few days after the incident, she asked Dieter whether the dog had previously bitten anyone and Dieter answered "[n]o," stating that she was aware that the dog had been abused but was not aware of any history of biting. Defendant submitted records from a hospital, the county public health department and the town dog control officer, as well as an affidavit from Dieter's mother, indicating that the mother was bitten by the dog approximately one month before the dog bit plaintiff. Dieter submitted an affidavit averring that the dog did not bite her mother, but only scratched her, and she bled because she was taking blood thinners. A transcript of an interview with the mother somewhat supports this assertion. A transcript of the claims manager's interview with Dieter also seems to contradict the claims manager's affidavit. According to that transcript, in a long narrative response to a question about the dog's age, Dieter stated that she did not know if the dog had ever bitten anyone before he went to the shelter from which the Dieters adopted him. The alleged bite to the mother occurred after the dog left the shelter. Nowhere in the transcript of that call did the claims manager specifically ask whether Dieter was aware of any history of biting. Although defendant now asserts that the claims manager asked questions during the call that were not reflected in the transcription, the record neither supports nor contradicts that assertion. Because questions remain as to whether Dieter willfully concealed or misrepresented any material fact, neither party is entitled to summary judgment based on that policy provision.
Supreme Court erred in granting defendant summary judgment based on the policy's canine exclusion. That exclusion does not require proof of prior bites, only of a history of at least one attack on a person or animal that is verifiable from public records. Records from the county public health department and the town dog control officer substantiate that the dog bit, or at least attacked, a person approximately one month prior to when it bit plaintiff. Although defendant established the applicability of the policy's canine exclusion, defendant may not rely on that exclusion unless defendant provided timely notice of disclaimer.
"When construing Insurance Law § 3420 (d), which requires an insurer to issue a written disclaimer of coverage for death or bodily injuries arising out of accidents 'as soon as is reasonably possible,' [the Court of Appeals has] made clear that timeliness almost always presents a factual question, requiring an assessment of all relevant circumstances surrounding a particular disclaimer[, and] cases in which the reasonableness of an insurer's delay may be decided as a matter of law are exceptional and present extreme circumstances" (Continental Cas. Co. v Stradford, 11 NY3d 443, 449 [2008] [internal citations omitted]; see Hartford Ins. Co. v County of Nassau, 46 NY2d 1028, 1030 [1979]). "The timeliness of an insurer's disclaimer is measured from the point in time when the insurer first learns of the grounds for disclaimer of liability or denial of coverage" (Matter of Allcity Ins. Co. [Jimenez], 78 NY2d 1054, 1056 [1991] [citation omitted]; see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d 64, 68-69 [2003]; Hartford Ins. Co. v County of Nassau, 46 NY2d at 1029). The insurer has an obligation not only [*2]to promptly provide notice of disclaimer once it has reached that decision, but to promptly investigate and reach a decision on whether to disclaim (see Allstate Ins. Co. v Gross, 27 NY2d 263, 268-269 [1970]). An insurer who delays giving written notice of disclaimer bears the burden of proving that the delay was reasonable under the circumstances (see First Fin. Ins. Co. v Jetco Contr. Corp., 1 NY3d at 69; Hartford Ins. Co. v County of Nassau, 46 NY2d at 1030; Scott McLaughlin Truck & Equip. Sales, Inc. v Selective Ins. Co. of Am., 68 AD3d 1619, 1620 [2009]). Thus, defendant was required to prove that its notice of disclaimer was provided as soon as reasonably possible after it learned, or should have discovered through a reasonable and prompt investigation, of the basis for it to disclaim liability or deny coverage.
Defendant argues that it was entitled to rely on Dieter's statement that the dog had not previously bitten anyone. As noted above, there is a question of fact regarding whether defendant's claims manager actually asked Dieter if she knew of any prior biting events. If the claims manager never asked that question, the record evidence presents a triable issue of fact as to whether defendant failed to conduct a reasonable and prompt investigation into the potential applicability of the canine exclusion (see Wood v Nationwide Mut. Ins. Co., 45 AD3d 1285, 1287 [2007]). If the claims manager asked that question and received a negative answer, as she averred, then defendant would be justified in relying on the representation by its insured (see S. & E. Motor Hire Corp. v New York Indem. Co., 255 NY 69, 74 [1930]; see also Nationwide Mut. Ins. Co. v Graham, 275 AD2d 1012, 1012-1013 [2000]); however, given that the Dieters had owned the dog for only approximately one month, there would still be a triable question of fact regarding the reasonableness of defendant's investigation. As neither party established, as a matter of law, the reasonableness or unreasonableness of the delay in defendant's disclaimer, neither party was entitled to summary judgment (see Stachowski v United Frontier Mut. Ins. Co., 148 AD3d 1716, 1717-1718 [2017]; City of New York v Welsbach Elec. Corp., 49 AD3d 322, 323 [2008]; Those Certain Underwriters at Lloyds, London v Gray, 49 AD3d 1, 4-6 [2007]).
Garry, P.J., Clark, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's cross motion for summary judgment; cross motion denied; and, as so modified, affirmed.