Blatt v Johar (2019 NY Slip Op 07901)





Blatt v Johar


2019 NY Slip Op 07901


Decided on November 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-06597
 (Index No. 611943/17)

[*1]Eli Blatt, et al., appellants,
v
Amritpal Johar, et al., respondents.


Moomjian, Waite & Coleman, LLP, Jericho, NY (Lonnie Coleman, Lisa Dvoskin, and Edward S. Wactlar of counsel), for appellants.
Certilman Balin Adler & Hyman, LLP, East Meadow, NY (John G. Gionis and Darren Stakey of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraudulent concealment and breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Thomas Feinman, J.), entered April 17, 2018. The order, insofar as appealed from, granted that branch of the defendants' motion which was to dismiss the complaint for failure to join a necessary party.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, with costs, the branch of the defendants' motion which was to dismiss the complaint for failure to join a necessary party is denied, so much of the order as, in effect, denied, as academic, the remaining branches of the defendants' motion is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a determination on the merits of the remaining branches of the defendants' motion, and for further proceedings, if necessary, thereafter.
In June 2016, the plaintiffs purchased a one-family house located in Brookville from the defendants. The house had been constructed by Accent Associates, Inc. (hereinafter Accent), pursuant to a 2013 contract between the defendants and Accent. In November 2017, the plaintiffs commenced this action alleging that there were building defects in four patios attached to the house and that a boiler had been illegally installed. The plaintiffs asserted causes of action sounding in fraud, negligence, deceptive practices, breach of implied warranty, and breach of contract. The defendants moved to dismiss the complaint on various grounds, including that a defense was founded on documentary evidence, that the statute of limitations had expired, that the complaint failed to state a cause of action, and for failure to join a necessary party, i.e., Accent. In an order entered April 17, 2018, the Supreme Court granted that branch of the defendants' motion which was to dismiss the complaint for failure to join Accent and, in effect, denied, as academic, the remaining branches of the defendants' motion.
CPLR 1001 "limit[s] the scope of indispensable parties to those cases and only those cases where the determination of the court will adversely affect the rights of nonparties" (Matter of Castaways Motel v Schuyler, 24 NY2d 120, 125; Mason Tenders Dist. Council Welfare Fund v Diamond Constr. & Maintenance, Inc., 84 AD3d 754, 755 [internal quotation marks omitted]). [*2]Here, the defendants failed to demonstrate that Accent ought to be a party if complete relief is to be accorded between the plaintiffs and the defendants (see CPLR 1001[a]), and also failed to demonstrate that Accent will be inequitably affected by a judgment in this action absent its joinder (see Mason Tenders Dist. Council Welfare Fund v Diamond Constr. & Maintenance, Inc., 84 AD3d at 755; Spector v Toys "R" Us, Inc., 12 AD3d 358). Accent has no connection to the plaintiffs' cause of action for breach of contract, which alleges only that the defendants breached their contract with the plaintiffs. As for the balance of the plaintiffs' claims, Accent is, at best, a joint tortfeasor, with the plaintiffs having the option to proceed against any or all joint tortfeasors (see Hecht v City of New York, 60 NY2d 57, 62; Smith v Pasqua, 110 AD3d 710; Sandiford v Kahn, 84 AD3d 1209, 1210). Accordingly, we reverse the order insofar as appealed from and remit the matter to the Supreme Court, Nassau County, for a determination on the merits of the remaining branches of the defendants' motion, and for further proceedings, if necessary, thereafter.
We note that, even if Accent was a necessary party, it appears to be subject to the jurisdiction of the court, and therefore, the Supreme Court should have "order[ed] [it] summoned," rather than granting that branch of the defendants' motion which was to dismiss the complaint for failure to join a necessary party (CPLR 1001[b]; see Windy Ridge Farm v Assessor of Town of Shandaken, 11 NY3d 725, 727; Deutsche Bank Natl. Trust Co. v Bandalos, 173 AD3d 1136; Matter of Germain v Town of Chester Planning Bd., 156 AD3d 633, 634).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court