Gray v Goodluck-Hedge (2022 NY Slip Op 05204)

Gray v Goodluck-Hedge

2022 NY Slip Op 05204

Decided on September 21, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 21, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-10450
 (Index No. 708743/17)

[*1]Nickeisha Gray, appellant, 
v
Tizana Goodluck-Hedge, et al., defendants, Patricia A. Cupid, respondent (and a third-party action).

G. Wesley Simpson, P.C., Brooklyn, NY, for appellant.
Gold Benes, LLP, Bellmore, NY (Jeffrey B. Gold and Karen C. Higgins of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered July 31, 2019. The order, insofar as appealed from, granted those branches of the motion of the defendant Patricia A. Cupid which were to vacate an order of the same court dated October 29, 2018, granting the plaintiff's motion for leave to enter a default judgment against her, and to compel the plaintiff to accept her late answer.
ORDERED that the order entered July 31, 2019, is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and those branches of the motion of the defendant Patricia A. Cupid which were to vacate the order dated October 29, 2018, and to compel the plaintiff to accept her late answer are denied.
This action to recover damages for personal injuries allegedly sustained by the plaintiff at a gym located on premises owned by the defendant Patricia A. Cupid was commenced by the filing of the summons and complaint in June 2017. Cupid was served pursuant to CPLR 308(4) by affixing a copy of the summons and complaint to the door of her home on August 7, 2017, at 4:00 p.m., and by mailing the summons and complaint to her home on August 16, 2017.
Cupid did not appear or answer the complaint. On March 28, 2018, the plaintiff's counsel mailed a copy of the summons and complaint to Cupid, together with a letter advising her that if the plaintiff's counsel did not hear from Cupid within 10 days, a motion for leave to enter a default judgment against her would be made.
By notice of motion dated June 8, 2018, the plaintiff moved for leave to enter a default judgment against Cupid. Cupid opposed the motion with an attorney's affirmation that alleged that Cupid first became aware of the action upon the receipt of the motion. Cupid served and filed an answer on or about July 3, 2018, verified by her attorney, and a copy of a written lease with a tenant, indicating that she was an out-of-possession landlord with respect to the area where the accident occurred.
In an order dated October 29, 2018, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment against Cupid. In granting the motion, the court noted that Cupid did not move for leave to vacate her default in appearing, and that no affidavit of merit was [*2]provided.
On December 24, 2018, Cupid moved, inter alia, to vacate the order dated October 29, 2018, and to compel the plaintiff to accept her late answer. Cupid submitted her personal affidavit stating that she was on vacation in Canada at the time the summons and complaint were purportedly annexed to her door on August 7, 2017, and upon her return from vacation on August 8, 2017, the summons and complaint were not at her door. She further averred that she did not receive a copy of the summons and complaint by mail until she received the plaintiff's motion for leave to enter a default judgment. Cupid alleged that she did not submit a personal affidavit in response to the plaintiff's motion for leave to enter a default judgment because her counsel "was unable to coordinate the drafting and execution of said Affidavit in time to respond to the Motion for Default Judgment with its looming return date of July 9, 2018."
In an order entered July 31, 2019, the Supreme Court granted those branches of Cupid's motion which were to vacate the order dated October 29, 2018, and to compel the plaintiff to accept her late answer. The plaintiff appeals.
Cupid does not challenge the propriety of service of process against her. Rather, she claims she did not have notice of the action until the plaintiff moved for leave to enter a default judgment against her. Cupid sought to vacate her default pursuant to CPLR 5015(a)(1), alleging, as a reasonable excuse for her delay in appearing and answering, that she did not have notice of the action until the plaintiff moved for leave to enter a default judgment. She further relied on CPLR 317, which provides that a defaulting defendant who was served by a method other than by personal delivery may be permitted to defend the action upon a finding by the court that the defendant did not personally receive notice of the summons in time to defend and has a potentially meritorious defense (see Dunn v Law Offs. of Evans & Al-Shabazz, LLP, 189 AD3d 776, 779). A "conclusory and unsubstantiated denial of receipt of the summons and complaint" is insufficient to establish lack of notice (id. at 779).
Here, Cupid claimed that her denial of receipt was not bare and conclusory, based upon evidence that she was away on vacation when the summons and complaint were left at her door pursuant to CPLR 308(4). However, even assuming that that explanation was sufficient for her alleged failure to receive the summons and complaint left at her door, Cupid did not explain why she did not receive notice by mail—which was effected twice. The bare conclusory denial of receipt was insufficient to establish a reasonable excuse for the default, or lack of notice of the action (see Stevens v Charles, 102 AD3d 763). In light of that determination, it is not necessary to determine whether Cupid demonstrated the existence of a potentially meritorious defense for purposes of either CPLR 5015(a)(1) or 317 (see Goldfarb v Zhukov, 145 AD3d 757, 759).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
ROMAN, J., CHRISTOPHER and FORD, JJ., concur.
BRATHWAITE NELSON, J.P., dissents, and votes to affirm the order insofar as appealed from, with the following memorandum:
The plaintiff allegedly was injured on June 21, 2016, while attending an exercise class in Brooklyn at the defendant Tizana's Body Renewal, also known as Tizana's Body Renewal Gym (hereinafter the gym). The plaintiff commenced this action against the gym, the gym's owner Tizana Goodluck-Hedge, and the owner of the premises, Patricia A. Cupid, alleging that the exercise equipment was defective and that the plaintiff received improper instruction and care. According to the affidavit of service, the plaintiff served Cupid with the summons and complaint pursuant to CPLR 308(4) by affixing a copy to the door of Cupid's home on August 7, 2017, and thereafter mailing a copy by first-class mail to the home. The affidavit of service indicated only that it was mailed to Cupid's home, but it failed to indicate that it was addressed to Cupid.
By notice of motion dated June 8, 2018, the plaintiff moved for leave to enter a default judgment against Cupid. Cupid opposed the motion with an attorney's affirmation dated July 3, 2018, which asserted that Cupid first become aware of the action when she received notice of the [*3]default motion. In the affirmation, the attorney asserted that she had left several voice messages with the plaintiff's counsel seeking to discuss withdrawal of the motion upon receipt of Cupid's answer, but the plaintiff's counsel did not return her several calls. In opposition to the motion, Cupid's attorney argued that the plaintiff had failed to provide proof of the facts constituting the claim as required by CPLR 3215(f) and that the complaint was legally and factually deficient insofar as asserted against Cupid, as Cupid was merely the owner of the premises and had no control over the exercise equipment and/or classes. The attorney, however, failed to include any evidentiary submissions with the affirmation in opposition.
Cupid served and filed an answer on or about July 3, 2018, which admitted that she owned the premises, denied the allegations of negligence, asserted several affirmative defenses, and asserted cross claims for contribution and indemnification against the other defendants. Cupid also served discovery demands on the plaintiff on August 3, 2018. On August 23, 2018, the parties attended a compliance conference, resulting in a compliance conference order (Joseph J. Espositio, J.) in which the parties agreed to conduct certain discovery by certain dates. Discovery was thereafter exchanged. Cupid commenced a third-party action for contribution and indemnification against Earl Jones, alleging that he had leased the subject premises from her and subleased them to the gym and Goodluck-Hedge, in violation of the terms of the lease.
As discovery proceeded with Cupid's full participation, the plaintiff's motion for leave to enter a default judgment against her remained pending. In an order dated October 29, 2018, the Supreme Court (Carmen R. Velasquez, J.) granted the plaintiff's motion for leave to enter a default judgment against Cupid. The court found, inter alia, that Cupid had failed to provide any basis to deny the motion, noting that she had not moved to vacate her default in appearing, and that she had not provided a meritorious defense, as she did not submit an affidavit of merit with her opposition papers.
Cupid then moved, inter alia, pursuant to CPLR 5015(a) and 317 to vacate the order dated October 29, 2018, or, in the alternative, for leave to renew her opposition to the plaintiff's motion for leave to enter a default judgment against her, and thereupon, to vacate her default and to compel the acceptance of her answer previously served and filed. In support of the motion, Cupid submitted, among other things, an affidavit in which she averred that she was on vacation in Canada at the time that the process server allegedly affixed a copy of the summons and complaint to her door, and she did not receive a copy of the summons and complaint either affixed to her door or in her mailbox. Cupid averred that she first learned of the action on or about June 22, 2018, when she received a copy of the plaintiff's default motion papers in her mailbox. She immediately contacted her insurance carrier, which retained counsel who filed her answer and opposition to the default motion. Cupid further averred that Jones had leased the premises for a private party business, that the terms of the lease prohibited subletting, that she did not consent to the sublet to the gym, and that she had no involvement with the gym.
In an affirmation in support of the motion, Cupid's attorney asserted that since learning of the action, Cupid had diligently defended the action, having served and filed an answer, participated in discovery, filed a third-party action against the tenant, attended a compliance conference, and complied with discovery, all without objection by the plaintiff. Counsel asserted that Cupid did not submit an affidavit with her opposition to the default motion because the plaintiff's counsel had refused to return the attorney's calls and Cupid's attorney was unable to coordinate obtaining an executed affidavit before the return date of the motion.
The plaintiff opposed Cupid's motion, arguing, inter alia, that Cupid failed to negate the presumption of proper service, and failed to demonstrate a reasonable excuse for her default or a meritorious defense to the action. The plaintiff did not address that branch of the motion which was pursuant to CPLR 317.
In reply, Cupid argued, among other things, that there would be no prejudice to the plaintiff in vacating the default since Cupid had been actively participating in the action. She also submitted the travel documents referred to her in affidavit in support of her motion, which corroborated her averment that she was out of the country when a copy of the summons and complaint allegedly was affixed to her door.
In an order entered July 31, 2019, the Supreme Court (Carmen R. Velasquez, J.) granted that branch of Cupid's motion which was to vacate the October 29, 2018 order, and deemed the answer previously served to be timely and validly served. The court found that Cupid had set forth a reasonable excuse for her default in answering and appearing in the action by submitting proof that she was away at the time of the alleged service, that there was nothing affixed to her door when she returned, and that she never received a copy of the summons and complaint in the mail. The court also found that Cupid had set forth a potentially meritorious defense to the action. The court further relied upon the facts that although Cupid was in default in appearing, she participated in a compliance conference on August 23, 2018, without any objection by the plaintiff, which was just 10 days after the default motion was submitted, and a discovery schedule was set forth at the conference, with no indication at all that Cupid was in default or that a default judgment motion was pending. The plaintiff appeals.
The plaintiff contends that Cupid failed to rebut the presumption of proper service created by the process server's affidavit. Cupid, however, has not contested proper service. Rather, her motion was predicated upon the assumption that service was proper, but that she should be allowed to defend the action notwithstanding her failure to timely appear and answer the complaint.
CPLR 5015(a) provides that a party may be relieved from a judgment or order on the ground, among others, of "excusable default" (CPLR 5015[a][1]). "A defendant seeking to vacate a default under this provision must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877; see Singh v Sukhu, 180 AD3d 837, 840; Rekhtman v Clarendon Holding Co., Inc., 165 AD3d 856, 858). "The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the court" (Grutman v Southgate At Bar Harbor Home Owners' Assn., 207 AD2d 526, 527; see Garcia v City of New York, 189 AD3d 788, 788).
"A second provision for obtaining relief from a default judgment is found in CPLR 317" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141). As noted, the plaintiff did not oppose the branch of the motion which was pursuant to CPLR 317 before the Supreme Court, and, on appeal, she again fails to address this distinct statutory provision, notwithstanding the fact that Cupid relied upon it as a basis for vacating her default. CPLR 317 permits a defendant who has been "served with a summons other than by personal delivery" to seek relief from a default upon a showing that the defendant did not receive actual notice of the summons in time to defend, and has a meritorious defense. Unlike a motion pursuant to CPLR 5015(a)(1), there is no necessity for a defendant moving pursuant to CPLR 317 to show a reasonable excuse for the default (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 141; Deutsche Bank Natl. Trust Co. v DaCosta, 97 AD3d 630, 631). The determination of a motion to vacate a default pursuant to CPLR 317 is a matter left to the sound discretion of the motion court (see Dove v 143 Sch. St. Realty Corp., 172 AD3d 1315, 1316; Acqua Capital, LLC v Camarella Contr. Co., Inc., 164 AD3d 1197, 1198; Calderon v 163 Ocean Tenants Corp., 27 AD3d 410).
In addition to the above statutory grounds, a court may vacate its own order or judgment "for sufficient reason and in the interests of substantial justice" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 68; see Halberstam v Lattimer, 185 AD3d 555, 556).
Here, I cannot agree with my colleagues that the Supreme Court improvidently exercised its discretion in allowing Cupid to vacate her default under the circumstances of this case. There has been no prejudice to the plaintiff or showing of willful delay by Cupid. Cupid's affidavit in support of her motion provided proof that she did not actually receive a copy of the summons and complaint, and first became aware of this action when she received the plaintiff's motion for leave to enter a default judgment against her. This averment is corroborated by the process server's affidavit, which fails to indicate that he mailed a copy of the summons to Cupid in an envelope bearing her name, as well as the fact that since appearing in the action Cupid has diligently defended the action and fully participated in discovery and motion practice. As the Supreme Court noted in granting Cupid's motion, the plaintiff did not object to Cupid's untimely answer or tardy [*4]participation, and proceeded with discovery before another Justice of the court. In this regard, the attorneys for the plaintiff and Cupid attended a discovery compliance conference at which they agreed to, inter alia, the exchange of discovery, to specific dates for depositions, and to a filing date for the note of issue. At the conclusion of the compliance conference, the attorneys entered into a stipulation which was so-ordered by the court. The record is devoid of any indication that the plaintiff provided the Justice presiding at the compliance conference with notification that Cupid was in default or that a default motion was pending before a different Justice of the court. Under these circumstances, and considering the strong public policy favoring resolving cases on the merits, the Supreme Court providently exercised its discretion in finding a reasonable excuse for Cupid's default (see Natanel v Plaza Ins. Co., 200 AD3d 890, 891; Patel v New York City Tr. Auth., 199 AD3d 925, 927; Torres v DeJesus, 197 AD3d 1260, 1261; Gomez v Gomez-Trimarchi, 137 AD3d 972, 973). Moreover, the court could have granted the motion pursuant to CPLR 317, which requires no reason for the default, or pursuant to the court's inherent authority to vacate the default in the interest of justice. As Cupid also demonstrated a potentially meritorious defense to the action, the court providently exercised its discretion in granting the subject branches of Cupid's motion.
I recognize that "the Appellate Division is vested with its own discretion and corresponding power to substitute its own discretion for that of the trial court, even in the absence of abuse" (Those Certain Underwriters at Lloyds, London v Occidental Gems, Inc., 11 NY3d 843, 845). However, "the trial court's discretion is paramount" (Basetti v Nour, 287 AD2d 126, 134), and the trial court should be left to exercise such discretion to expeditiously move the cases along before it. The Appellate Division should "rarely and reluctantly invoke" its power to substitute its own discretion for that of the trial court (MSCI Inc. v Jacob, 120 AD3d 1072, 1075 [internal quotation marks omitted]), particularly over issues relating to the court's control over the actions before it (see Mihailovich v Coastal Practice Servs. of Northeast, 294 AD2d 150, 150-151; Basetti v Nour, 287 AD2d at 134), and where, as here, the trial court has exercised its discretion in a manner that furthers the strong public policy favoring resolving cases on the merits. Accordingly, I would affirm the order insofar as appealed from.
ENTER:
Maria T. Fasulo
Clerk of the Court