Cerullo v City of New York (2024 NY Slip Op 04192)

Cerullo v City of New York

2024 NY Slip Op 04192

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-04061
 (Index No. 710339/22)

[*1]Alice Cerullo, respondent,
v
City of New York, et al., defendants, Juan Valdez, appellant.

Turturro Law, P.C., Staten Island, NY (Natraj S. Bhushan of counsel), for appellant.
Mallilo & Grossman, Flushing, NY (Spencer R. Bell of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Juan Valdez appeals from stated portions of an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated May 20, 2022. The order, inter alia, denied those branches of that defendant's motion which were pursuant to CPLR 1015 and 5015 to vacate a default judgment of the same court entered February 2, 2018, and pursuant to CPLR 3012 to compel the plaintiff to accept that defendant's untimely answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2013, the plaintiff commenced this action against, among others, the defendant Juan Valdez (hereinafter the defendant) and the defendant Teodoro Incisco (hereinafter the decedent), who died prior to the commencement of this action, to recover damages for personal injuries the plaintiff alleged that she sustained when she tripped and fell on a sidewalk abutting premises owned by the defendant and the decedent. The defendant failed to answer the complaint and a default judgment was thereafter entered in February 2018, in favor of the plaintiff and against the defendant and the decedent. In April 2022, four years after the entry of the default judgment, the defendant moved, inter alia, pursuant to CPLR 1015 and 5015 to vacate the default judgment and pursuant to CPLR 3012 to compel the plaintiff to accept his untimely answer. In an order dated May 20, 2022, the Supreme Court, among other things, denied those branches of the defendant's motion. The defendant appeals.
Although the death of a party divests the court of jurisdiction and stays proceedings until a proper substitution has been made pursuant to CPLR 1015(a), "[a]n action commenced against a deceased defendant is a nullity only insofar as asserted against that defendant, not insofar as asserted against [the] other defendants" (HSBC Bank USA, N.A. v Scivoletti, 212 AD3d 600, 602 [emphasis added and internal quotation marks omitted]).
For the purposes of imposing liability for defective conditions on a given premises, it is presumed that "a defective condition causing injury to a third party results in joint and several liability as to each cotenant" (Butler v Rafferty, 100 NY2d 265, 269). Joint and several liability [*2]means that a plaintiff may proceed against any or all defendants (see Hecht v City of New York, 60 NY2d 57, 62). As such, "joint tortfeasors are not necessary parties" (Ferriola v DiMarzio, 83 AD3d 657, 658).
Here, the Supreme Court properly denied the branch of the defendant's motion which was pursuant to CPLR 1015 to vacate the default judgment as a legal nullity. Since the deed to the premises did not specify the nature of the respective ownership interest held by the defendant and the decedent, they were presumptively tenants in common (see EPTL 6-2.2[a]; Estate of Menon v Menon, 303 AD2d 622, 623) who would have been joint tortfeasors (see Butler v Rafferty, 100 NY2d at 269), jointly and severally liable for the plaintiff's alleged injuries (see Hecht v City of New York, 60 NY2d at 62; Ferriola v DiMarzio, 83 AD3d at 658). As a joint tortfeasor, the decedent was not a necessary party to the action (see Ferriola v DiMarzio, 83 AD3d at 658). Accordingly, the court properly denied that branch of the defendant's motion which sought to vacate the default judgment as a legal nullity.
The Supreme Court also properly denied that branch of the defendant's motion which was to vacate the default judgment pursuant to CPLR 5015(a). A party seeking to vacate a default judgment pursuant to CPLR 5015(a)(1) must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a potentially meritorious defense to the action (see Williamson v Marlou Cab Corp., 129 AD3d 711, 713; Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc., 29 AD3d 893, 894).
Here, the defendant's conclusory and unsubstantiated contentions that he was not properly served were insufficient to rebut the presumption of proper service established by the affidavit of service (see Gray v Goodluck-Hedge, 208 AD3d 1221, 1222-1223) and thus failed to constitute a reasonable excuse for his default (see id.; Williamson v Marlou Cab Corp., 129 AD3d at 713).
In light of the defendant's failure to establish a reasonable excuse, it is not necessary to determine whether the defendant established the existence of a potentially meritorious defense (see Barnett v Diamond Fin. Co., Inc., 202 AD3d 651, 653).
For the same reasons, the Supreme Court also properly denied that branch of the defendant's motion which was to compel the plaintiff to accept his untimely answer pursuant to CPLR 3012(d) (see Yuxi Li v Caruso, 161 AD3d 1132, 1133).
The defendant's remaining contentions are without merit.
DUFFY, J.P., WOOTEN, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court